(No. 42707.—

THE CITY OF CHICAGO, Appellee, v. JOSEPH WIS-NIEWSKI, Appellant.

*Opinion filed April 2, 1973.*

CHESTER A. LIZAK, of Chicago, for appellant.

RICHARD L. CURRY, Corporation Counsel, of Chicago (WILLIAM R. QUINLAN and DANIEL PASCALE, Assistants Corporation Counsel, of counsel), for appellee.

MR. JUSTICE SCHAEFER delivered the opinion of the court:

A jury in the circuit court of Cook County found the defendant, Joseph Wisniewski, guilty of the offenses of resisting arrest and assault in violation of the Municipal Code of Chicago, and he was fined $100 for each offense. He has appealed directly to this court. The principal issues raised on appeal concern the delay in bringing the defendant to trial and the adequacy of the sanction imposed for the failure of the City to produce the arresting officers for the taking of their depositions, as well as its failure to list the names of its witnesses and to produce reports of the arresting officers as ordered by the court. We find it necessary to discuss only one of these issues—the failure of the City to afford the defendant a speedy trial.

On February 23, 1967, complaints which charged the defendant with resisting arrest (Municipal Code of Chicago, sec. 11—33) and disorderly conduct (Municipal Code of Chicago, sec. 193—1) were filed by the arresting officer. Both complaints alleged that the defendant committed the offenses on February 23, 1967. The case was set for trial

several times during 1967, but on each trial date was continued on motion of the defendant. On November 28, 1967, more than nine months after the occurrence, and after the defendant had commenced an action against the City and the arresting officer, the officer filed a third complaint against the defendant. This one alleged that on February 23, 1967, the defendant committed a willful assault in violation of section 193—1 of the Municipal Code of Chicago.

Trial on all three charges was then set for January 15, 1968, but numerous continuances, all entered either on motion of the City or by order of the court, postponed the trial date to December 9, 1968. On that date defense counsel stated that he was ready for trial, but on motion of the City the case was continued to March 19, 1969. On March 19 the defendant filed a motion to dismiss the complaints under section 103—5 of the Code of Criminal Procedure (Ill. Rev. Stat. 1967, ch. 38, par. 103—5), on the ground that more than 120 days had elapsed since he had demanded trial. This motion was denied on March 28, 1969, and on motion of the City the case was again continued to May 20, 1969.

On May 20, 1969, jury selection commenced, and four jurors were impaneled before court was recessed for the day. On the following day defense counsel moved for discovery of police reports which he had observed police officers reading during the selection of the jurors. The trial court granted this motion and over the objection of the defendant gave the City 10 days to comply and continued the case until June 6, 1969. On May 26, 1969, the defendant notified the City that "pursuant to the provisions of the Civil Practice Act and the rules of the Supreme Court" he would take the deposition of the arresting officer on June 4, 1969. On June 2, 1969, he filed a second discovery motion requesting, among other things, a list of witnesses the City intended to call at trial and all police reports concerning the case. The court granted this motion, and gave the City 20 days to comply.

It also ordered two police officers, as well as the defendant, to appear for depositions on June 4, 1969, and continued the case until June 30, 1969.

Despite the court's order, the police officers did not appear for the taking of their depositions. On June 23, 1969, the defendant filed a motion under Supreme Court Rule 219 to require the City to reimburse him for reasonable expenses incurred by him in appearing for the discovery deposition and, in addition, to have the court either dismiss the charges against him or bar the officers who did not appear from testifying at the trial. On June 26, 1969, the defendant filed another motion to dismiss, alleging, *inter alia,* that his right to a speedy trial had been violated, that the City had failed to comply with the discovery order entered on June 2, 1969, and that his rights under section 3—4(a)(3) of the Criminal Code (Ill. Rev. Stat. 1967, ch. 38, par. 3—4(a)(3)) would be violated if the prosecution was allowed to continue because a former prosecution was terminated improperly after a panel of four jurors had been impaneled and sworn. On June 27 the court denied the defendant's motion to dismiss, but also declared a mistrial and discharged the four jurors previously impaneled, and granted the defendant's motion for costs occasioned by the failure of the police officers to appear for their depositions. Trial upon the complaints against the defendant finally commenced on that date, June 27, 1969.

The defendant's contention that he was denied his right to a speedy trial has been based upon section 103—5(b) of the Code of Criminal Procedure, which provided, at the time of the defendant's trial: "Every person on bail or recognizance shall be tried by the court having jurisdiction within 120 days from the date defendant demands trial unless delay is occasioned by the defendant ***." Ill. Rev. Stat. 1967, ch. 38, par. 103—5(b).

We agree with the trial court's determination that

section 103—5 of the Code of Criminal Procedure is not to be applied literally to prosecutions for violation of a municipal ordinance. (See *City of Danville v. Hartshorn (1973), 53 Ill.2d 399.*) That determination does not, however, dispose of the matter, for it does not follow that because section 103—5(b) is not applicable, a prosecuting municipality may proceed on its own convenience.

With respect to prosecutions for violations of municipal ordinances, the General Assembly has provided: "Every person arrested upon a warrant, without unnecessary delay, shall be taken before the proper officer for trial." (Ill. Rev. Stat. 1967, ch. 24, sec. 1—2—9.) The prosecution against the defendant was commenced by an arrest, and while the Municipal Code provision is less precise than section 103—5 of the Code of Criminal Procedure, its requirement of trial "without unnecessary delay" certainly does not contemplate the kind of delay to which the defendant was subjected in this case.

It is true that the first 11 months of the total period of 28 months that elapsed between arrest and trial was attributable to the defendant and, by analogy to the speedy-trial provision of the Criminal Code, should not be included in computing the length of the delay. But even after eliminating the delay attributable to the defendant, 17 months elapsed before the defendant's trial. This delay was excessive, and the record indicates no justification for it. The judgment of the circuit court of Cook County is therefore reversed.

*Judgment reversed.*