THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* CECIL RAY GRIFFIN, Defendant-Appellant.

(No. 73-194;

Second District—July 30, 1974.

William L. Balsley, of Loves Park, for appellant.

Philip G. Reinhard, State's Attorney, of Rockford (James W. Jerz, of Model District State's Attorneys Office, of counsel), for the People.

Mr. JUSTICE GUILD delivered the opinion of the court:

The defendant was indicted in a three-count indictment charging him with forgery, theft by deception, and deceptive practice. He entered a plea of guilty to the charge of deceptive practice. The other two counts were dismissed, and he was sentenced to 2-6 years.

Defendant contends the indictment failed to charge an offense and that the sentence was excessive.

The defendant was charged under Ill. Rev. Stat. 1971, ch. 38, sec. 17—1. The indictment reads as follows:

> "Committed the offence [*sic*] of deceptive practice, in that he, with intent to defraud and to obtain control over the property of Jebco Distributing Co., Inc., a corporation, knowingly obtained one diamond ring exceeding the sum of One Hundred Fifty and no/100 ($150.00) Dollars in value, by use of a credit card issued to Don W. McBridge, which card he knew he had no authority to use in violation of Paragraph *17—1(3)*, Chapter 38, Illinois Revised Statutes, 1971." (Emphasis added.)

Counsel for defendant has pointed out two alleged errors in the indictment, the first being that there is no paragraph 17—1 (3). Although the indictment should have cited paragraph 17—1 (e) (1) of the Illinois Criminal Code, we do not find that the technical error prejudiced defendant in formulating his defense.

This same contention was presented in *People v. Torello* (1969), 109 Ill.App.2d 433, 248 N.E.2d 725. In *Torello* the court held, at page 438, that "the incomplete numerical designation of the section violated was a formal defect which could be corrected under the provisions of section 111—5 (Ch. 38), entitled 'Formal Defects in a Charge.'" In *Torello* the indictment was amended prior to trial. The court, however, went on to state that the defendant was not prejudiced by the amendment as all of the essential elements of the offense of theft were particularized, and the defendant was apprised with reasonable certainty of the precise offense with which he was charged.

Similarly, in *People v. Wade* (1970), 131 Ill.App.2d 415, 264 N.E.2d 898, the defendant therein was charged with violation of "Chapter 38, Section 16—1 a 1." Defendant contended that the statutory citation set out in the complaint was "a non existent reference." The court in *Wade* rejected this contention noting that the defendant should have been charged under subsection (a) of § 16—1 and cited *People v. Hill* (1966), 68 Ill.App.2d 369, 216 N.E.2d 212, to-wit:

> "'Failure to cite the statute or the correct provision thereof is error but, in view of the description of the offense given in the complaint, is not error which, in itself, vitiates the complaint.'" 131 Ill.App.2d at 417.

Also, in *People v. Delafosse* (1967), 36 Ill.2d 327, 223 N.E.2d 125, the indictment did not set forth the statutory provision under which it was brought and the court stated:

> "In our opinion this indictment was sufficient to charge the crime of armed robbery, and the lack of specification of the statutory provision alleged to have been violated and the lack of explicit designation of the time and place of the offense did not render the indictment fatally defective." (36 Ill.2d at 330.)

Lastly, in *People v. Greenwood* (1969), 115 Ill.App.2d 167, 253 N.E. 2d 72, the indictment charged the defendant with aggravated battery in violation of chapter 38, section 12—4. The actual charge for aggravated battery should have been under 12—4(a). The defendant contended that the subsection (a) should have been indicated in the indictment. The court held that this was not a fatal defect since there could be no mistake about the subsection when the statute was read with the indictment.

■■ In the case before us the defendant was sufficiently apprised of the offense with which he was charged so that he could prepare an adequate defense and could plead adjudication of this charge as a bar to any subsequent attempt to prosecute him for the same offense. Furthermore, there can be no mistake about the proper subsection when the complaint is read with the statute.

In his second attack upon the indictment it is contended by the defendant that it is insufficient in that he should have been charged with using a credit card without the "consent of the owner" rather than with the use of the card "which card he knew he had no authority to use." The defendant argues that using a credit card "without authority" does not allege all of the facts necessary to constitute the crime charged. In support of this contention defendant has cited *People ex rel. Ledford v. Brantley* (1970), 46 Ill.2d 419, 263 N.E.2d 27. In *Brantley* the Illinois Supreme Court held that the failure to allege ownership of the premises

burglarized was a fatal defect under the then existing law which was not waived by a plea of guilty. The court in *Brantley* stated that this defect was jurisdictional and reversed the conviction. The court, however, stated that a voluntary plea of guilty waives all errors or irregularities that are not jurisdictional.

■■ We do not find that the use of the words "without authority" rather than the statutory word "consent" is a jurisdictional defect in the indictment herein. In *People v. Russell* (1973), 13 Ill.App.3d 497, 301 N.E.2d 85 (abstract opinion) the court held that in a criminal complaint where the word "dangerous" was used, it was not necessary to include the words "depressant or stimulant" since defense counsel knew what offense the defendant was charged with. In support of this holding the court also noted that the defendant was in no way hampered in the preparation of his defense, because the complaint sufficiently apprised him of the crime charged.

In this regard, we find that the defendant was sufficiently apprised of the offense with which he was charged. For these reasons we therefore believe that the indictment was legally sufficient.

■■ The defendant is a heroin addict and has admitted six prior convictions within the past 5 years, apparently committed for the purpose of obtaining money for his $100-a-day addiction requirement. The defendant, in his plea of guilty, admitted that he had used the credit card for the purpose of buying a diamond ring for the sum of $299.98. He further admitted to obtaining $975.26 worth of goods with the credit card, including the $300 diamond ring. At the time of the instant offense defendant was on parole for a burglary charge.

The argument of the defense is that the defendant should enter a drug-treatment program rather than be incarcerated. In support of this contention counsel has cited *People v. Cyphers* (1972), 4 Ill.App.3d 856, 281 N.E.2d 796. The *Cyphers* case is distinguishable from the instant case, in that Cyphers was granted parole for the purpose of drug-addiction treatment. However, the court noted that defendant Cyphers had no prior record; that he was charged for an act occurring during a heroin withdrawal; and that his heroin addiction had been acquired in the armed forces.

Thus, we find that the sentence of the defendant, under the circumstances and considering his prior record, is well within the discretion of the trial court.

Judgment affirmed.

T. MORAN, P. J., and SEIDENFELD, J., concur.