THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* MARION Z. WARE, Defendant-Appellant.

Second District (1st Division)    No. 75-216

Opinion filed August 31, 1976.

Donald R. Hellyer, of Cook & Hellyer, of Loves Park, for appellant.

William J. Cowlin, State's Attorney, of Woodstock (Haskell M. Pitluck, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE HALLETT delivered the opinion of the court:

The defendant was tried before a jury which found him guilty of driving a vehicle under the influence of intoxicating liquor (Ill. Rev. Stat. 1971, ch. 95½, par. 11—501(a)) and he was fined $150. He appeals. We perceive no error and affirm.

The defendant was arrested by an Illinois State police officer on said charge on September 4, 1972, in McHenry County, and was released on $50 bail. He was given a citation and complaint, commanding him to appear in the circuit court of Woodstock on October 3, 1972, at 10 a.m. On September 25, 1972, attorneys Cook & Hellyer, of Loves Park, filed their appearance for him. On October 3, 1972, the defendant pleaded not guilty and demanded a jury trial and the case was put on the master jury trial call. It was later set for November 13, 1972, before Judge Brody but · neither the defendant nor his attorneys appeared and his bond was forfeited. On December 4, 1973, the forfeiture was vacated and the case returned to the master jury calendar. On November 22, 1974, the case was put over to the January 1975 jury trial call. On January 29, 1975, the case was put over to the March jury call. On January 30, 1975, the defendant filed a petition seeking his discharge on the ground that, because of the long delay, a witness whom he wished to subpoena had disappeared. This petition was heard and denied. On that same day, January 30, 1975,

the defendant moved orally for a speedy trial, which motion was allowed and the case put at the top of the list for March; on February 20, 1975, the case was made number one on the March 1975 jury trial call; on March 17, 1975, after the citation was amended to add "(a)" after section 11—501, the trial began; and on March 18, 1975, he was found guilty and judgment entered. The defendant subsequently filed various post-trial motions which were denied and this appeal followed.

The defendant first contends that he is entitled to discharge because he was not tried until 2½ years after his arrest and that in the meanwhile, he lost a witness. There are really two shafts to his argument.

■■ He first relies on article 1, section 8, of the Illinois Constitution of 1970 which gives a defendant "the right to * * * a speedy public trial," and is implemented in section 103—5(b) of the Code of Criminal Procedure (Ill. Rev. Stat. 1971, ch. 38, par. 103—5(b)) which provides that "Every person on bail * * * shall be tried * * * within 160 days from the date defendant demands trial * * *." But the obvious flaw in this contention is that, at the time he finally moved for a discharge on January 30, 1975, he had never demanded a speedy trial. After denying his petition the court suggested that the defendant orally demand a speedy trial, which his attorney then did and the court immediately allowed his motion and set the case at the top of the next jury call. The case was actually tried some 46 days after his demand, far less than the 160 days mentioned in the statute. Hence this contention must fail. *People v. Byrn* (1971), 3 Ill. App. 3d 362, 274 N.E.2d 186.

His other subcontentions are based on Supreme Court Rules 504 and 505 (Ill. Rev. Stat. 1971, ch. 110A, pars. 504 and 505), relating to traffic violations. These rules read as follows:

"Rule 504. Appearance Date

The date set by the arresting officer for a defendant's appearance in court shall be not less than 10 days but within 45 days after the date of the arrest, whenever practicable. It is the policy of this Court that an accused who appears and pleads 'not guilty' to an alleged traffic or conservation offense should be granted a trial on the merits on the appearance date set by the arresting officer. Except as provided in Rule 505, an arresting officer's failure to appear on that date, in and of itself, shall not normally be considered good cause for a continuance.

Rule 505. State Highway Police—Notice to Offenders

When issuing a traffic ticket, conservation ticket or Notice to Appear in lieu of either, in counties other than Cook, Illinois State Highway Police shall also issue written notice to the accused in substantially the following form:

AVOID MULTIPLE COURT APPEARANCES

If you intend to plead 'not guilty' to this charge, or if, in addition, you intend to demand a trial by jury, so notify the clerk of the court at least 5 days (excluding Saturdays, Sundays or holidays) before the day set for your appearance. A new appearance date will be set, and arrangements will be made to have the arresting officer present on that new date. Failure to notify the clerk of either your intention to plead 'not guilty' or your intention to demand a jury trial, may result in your having to return to court, if you plead 'not guilty' on the date originally set for your court appearance.

Upon timely receipt of notice that the accused intends to plead 'not guilty', the clerk shall set a new appearance date not less than 7 days nor more than 49 days after the original appearance date set by the arresting officer, and notify all parties of the new date and the time for appearance. If the accused fails to notify the clerk as provided above, the arresting officer's failure to appear on the date originally set for appearance may, in counties other than Cook, be considered good cause for a continuance."

■■ The first of these rules (504) speaks generally of the court's "policy", etc., but really gives way to Rule 505 where, as here, the arrest is made by a State police officer "in counties other than Cook." But the real flaw in the defendant's contention is that he did not advise the clerk of the court, at least 5 days before the day initially set for his appearance, that he intended to plead "not guilty" and to demand a jury trial. Hence, this rule never was activated and the case was properly placed on the master jury call calendar. As a result, none of these "delay" arguments is sound.

■■ This brings us to the defendant's contention that the traffic citation was legally insufficient because it failed to recite (in addition to alleging that the defendant, on a certain day and at a specified time and place, was guilty of "Driving Under Influence of Intoxicating Liquor, in violation of Illinois Vehicle Code, section 11—501") that the Illinois statute involved was Ch. 95½. Said chapter (Ill. Rev. Stat. 1971, ch. 95½) in part (section 1—100) provides that "This Act shall be known and may be cited as The Illinois Vehicle Code." In view of this, we see no merit whatsoever in this contention. It should also be noted that this objection was not raised before or at the trial and has therefore been waived.

The defendant's final contention is that the traffic citation was legally insufficient because, after alleging that the defendant was "Driving Under Influence of Intoxicating Liquor in violation of Illinois Vehicle Code, section 11—501," it failed to add "(a)" (being the particular subparagraph

involved) and that this omission cannot, as was done here, be corrected by amendment before the trial.

■■ Perhaps the leading case on this in Illinois is *People v. Torello* (1969), 109 Ill. App. 2d 433, 248 N.E.2d 725, *cert. denied*, 397 U.S. 972, 25 L. Ed. 2d 266, 90 S. Ct. 1089, where the First District Appellate Court, at page 438, said:

> "We find no merit in defendant's contention as to Count I. In this case the incomplete numerical designation of the section violated was a formal defect which could be corrected under the provisions of section 111—5 (c 38), entitled 'Formal Defects in a Charge.' Defendant was not prejudiced by the section number amendment because Count I alleged all of the essential elements of the offense of theft, as stated in section 16—1(a), and 'so far particularize[d] the offense' so that defendant was apprised with reasonable certainty of the precise offense with which he was charged. See *People v. Gold*, 38 Ill. 2d 510, 516, 232 N.E.2d 702 (1967); *People v. Hall*, 55 Ill. App. 2d 255, 204 N.E.2d 473 (1964)."

In *People v. Archibald* (1972), 3 Ill. App. 3d 591, 279 N.E.2d 84, the Third District Appellate Court, at page 594, said:

> "While the Code of Criminal Procedure requires that the charge cite the statutory provision alleged to have been violated, S.H.A. ch. 38, Sec. 111—3, it has been held that a deficiency in this respect is not fatal if the charge otherwise states an offense. *People v. Hampton*, 105 Ill. App. 2d 228, 245 N.E.2d 47; *People v. Adams*, 113 Ill. App. 2d 276, 252 N.E.2d 65.
>
> ✸ ✸ ✸
>
> We conclude that where, as here, the complaint otherwise sufficiently states a case, the incorrect citation of the statute is a formal defect which may be amended. The defendant was fully informed of the charge and has no solid ground to complain in that respect."

And in *People v. Griffin* (1974), 21 Ill. App. 3d 261, 315 N.E.2d 154, this court, at page 262, cited and quoted from *Torello* in affirming the judgment.

We therefore conclude that this contention likewise is without merit.

While it does seem, at first blush, that a traffic defendant whose case is not tried for 2½ years is entitled to be discharged, had the defendant been in court ready for trial on November 13, 1972, when his case first came up for jury trial, it would have been tried and disposed of then. But he and his attorneys (due to their clerk's misdocketing) failed to appear and his bond was forfeited. Furthermore, the defendant never demanded a speedy trial until January 30, 1975, after the trial judge suggested that he do so, and he then got a speedy trial, less than 2 months later. It should

907

also be noted that he does not challenge the sufficiency of the evidence to sustain the verdict. Perhaps the defendant hoped that if he didn't push, the charge (or the arresting officer) would somehow disappear. But things just didn't work out that way here.

Perceiving no error, we affirm.

Affirmed.

GUILD, P. J., and SEIDENFELD, J., concur.