THE CITY OF CARBONDALE, Plaintiff-Appellant, *v.* BOBBIE J. IRVING, Defendant-Appellee.

Fifth District    No. 76-296

───────

Opinion filed February 8, 1977.

J. Phil Gilbert, of Carbondale, for appellant.

Dennis J. Hogan, of Murphysboro, for appellee.

Mr. JUSTICE KARNS delivered the opinion of the court:

This is an appeal by plaintiff, the City of Carbondale, from an order of the Circuit Court of Jackson County denying the City's post-trial motion to set aside the court's dismissal of a cause of action for violation of a city ordinance against defendant-appellee Bobbie J. Irving on the grounds of unjustified, excessive delay on the part of the City.

The facts necessary to our disposition of this appeal are as follows. On November 11, 1974, defendant was charged on a ticket issued by the Carbondale police department with driving while under the influence of alcohol or narcotic drugs within the city limits in violation of Local Ordinance 1—501. On December 16, 1974, defendant filed a demand for a speedy trial. On February 3, 1975, plaintiff filed an amended traffic complaint charging the defendant with driving while under the influence of intoxicating liquor, in violation of section 18—5—1 of the Carbondale Revised Code. The prayer for relief of the amended complaint requested "that the Defendant be fined in the penal sum of $500.00 plus the cost of these proceedings."[1] On June 10, 1975, the defendant filed a motion to dismiss pursuant to section 114—1(a)(1) of the Code of Criminal Procedure (Ill. Rev. Stat. 1973, ch. 38, par. 114—1(a)(1)), because of the City's failure to bring him to trial within 160 days of his demand for a

---

[1] Although a copy of the ordinance does not appear of record, the City states in its brief that the "penalty for conviction of this offense is limited to a fine of not less than $10 nor more than $500." Defendant has not quarreled with this representation.

speedy trial as required by section 103—5(b) of the Code (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(b)). On September 11, 1975, after hearing arguments of counsel and the stipulation of the City that no delay following defendant's demand for speedy trial could be attributed to him, and being "otherwise fully advised," the court entered an order granting the motion to dismiss. On September 24, the City filed its post-trial motion, in support of which it cited *City of Chicago v. Wisniewski*, 54 Ill. 2d 149, 295 N.E.2d 453 (1973), where the supreme court held that section 103—5 of the Code of Criminal Procedure does not apply to the prosecution of ordinance violation cases. On May 14, 1976, the trial court entered another order reciting that at the time of the initial hearing the attorneys for both parties had told the court that they were not aware of any higher court rulings on the question presented, that the court had reviewed *Wisniewski* and found it applicable to the instant case, and that it had been in error in its September 11 order. The order concluded:

> "However, the court further finds, *sua sponte*, in accordance with *Wisniewski* that there has now been an excessive delay, for which there is no justification and which is in no way attributable to the defendant herein. For these reasons, this cause is now dismissed."

On appeal, the City contends that the court erred in concluding that there was excessive delay in bringing the defendant to trial. The City seeks to distinguish the instant case from *Wisniewski*, where the supreme court could find no justification for the violation of the requirement of section 1—2—9 of the Municipal Code (Ill. Rev. Stat. 1967, ch. 24, par. 1—2—9) that prosecutions for violations of municipal ordinances be tried "without unnecessary delay." The City argues in its brief that:

> " * * * The record is absent of anything which indicates that there was no justification for the delay that was occasioned after the Defendant's arrest. But to the contrary, the record clearly indicates that there was indeed justification for the delay inasmuch as the Defendant had filed seven motions including a Petition for Substitution of Judge, all of which had to be acted upon before proceeding to jury trial on the merits. * * *"

The City's brief further states that the first 10 months of the period that elapsed after the arrest (that is, up until the court's original dismissal order of September 11, 1975) was attributable to the defendant. We think that such an argument is foreclosed to the City because of its stipulation, as recited in the September 11 order, that none of this delay was attributable to the defendant. After a review of the applicable law, we have concluded that the trial court acted within its discretion in dismissing the case because of unnecessary delay in bringing it to trial.

In *Wisniewski*, the supreme court said:

"We agree with the trial court's determination that section 103—5 of the Code of Criminal Procedure is not to be applied literally to prosecutions for violation of a municipal ordinance. (See *City of Danville v. Hartshorn* (1973), 53 Ill. 2d 399.) That determination does not, however, dispose of the matter, for it does not follow that because section 103—5(b) is not applicable, a prosecuting municipality may proceed on its own convenience." (54 Ill. 2d 149, 152-53, 295 N.E.2d 453, 454.)

The court concluded without elaboration that the analogous section of the Municipal Code, while less precise in its requirements than the speedy trial provision of the Code of Criminal Procedure, did not contemplate a delay of 17 months between arrest and trial, none of which was attributable to the defendant and for which the record indicated no justification.

The *Hartshorn* case cited in *Wisniewski* was the most recent occasion for our supreme court to discuss the somewhat amorphous nature of prosecutions for violations of municipal ordinances. There the court held that a defendant charged with resisting a police officer in violation of a local ordinance was entitled to trial by jury under the Civil Practice Act, but that whether the discovery provisions of that Act might be invoked in such a case was discretionary with the trial court. In reaching these conclusions the court said in part:

"The prosecution of municipal ordinances has been regarded somewhat ambiguously. Ordinances have long been treated as quasi-criminal in character but civil in form.

It is clear that in Illinois the procedure for exercising a municipality's authority to collect fines for ordinance violations is essentially civil. * * * While regarding ordinance-violation proceedings as civil in form, this court has traditionally characterized them also as quasi-criminal. [Citations.] This viewing of the municipal ordinance as a hybrid, which is civil in form, has persisted. * * *" 53 Ill. 2d at 401-02, 292 N.E.2d at 384.

The court cited cases holding that the plaintiff in an ordinance violation case can appeal as in other civil cases, that application of certain provisions of the Civil Practice Act is proper, and that conviction of violating an ordinance does not require proof beyond a reasonable doubt. *Village of Maywood v. Houston*, 10 Ill. 2d 117, 139 N.E.2d 233 (1956); *Village of Park Forest v. Bragg*, 38 Ill. 2d 225, 230 N.E.2d 868 (1967); *City of Decatur v. Chasteen*, 19 Ill. 2d 204, 166 N.E.2d 29 (1960); *City of Chicago v. Joyce*, 38 Ill. 2d 368, 232 N.E.2d 289 (1967).

■■ We conclude from *Hartshorn* and the cases cited therein that, although all provisions of the Civil Practice Act may not be applicable in a

particular ordinance violation case because of its peculiar quasi-criminal character, the procedure to be followed, both at trial and on appeal, is essentially and ordinarily that of civil cases, not of criminal cases. (See also *City of Highland Park v. Curtis*, 83 Ill. App. 2d 218, 226 N.E.2d 870 (2d Dist. 1967).)[2] Therefore, to decide whether or not the trial court's dismissal was appropriate, we must first determine whether it conformed to civil practice, and, if so, whether there is any reason (stemming from the quasi-criminal character of the action) to depart from the procedure in the ordinary civil case.

■■ As long ago as *Epley v. Epley*, 328 Ill. 582, 160 N.E. 113 (1928), the proposition that a court has inherent power to dismiss a civil case for unnecessary delay in prosecution was treated as well settled. There our supreme court said:

> " * * * The trial court may dismiss a suit for failure of complainant to prosecute it with due diligence where no sufficient cause is presented, and this power exists independent of any statute. (*Leonard v. Garland*, 252 Ill. 300; *Sanitary District v. Chapin*, 226 id. 499.) The question to be determined in such a case is whether the power vested in the court was properly exercised under all the circumstances of the case." (328 Ill. 582, 585, 160 N.E. 113, 114.)

(See also *Hogan v. Braudon*, 40 Ill. App. 3d 352, 354-55, 352 N.E.2d 303, 305 (2d Dist. 1976) (court under no mandatory duty to dismiss on its own motion); *Crawford v. Crawford*, 39 Ill. App. 3d 457, 463, 350 N.E.2d 103, 108 (1st Dist. 1976) (plaintiff must be guilty of inexcusable delay).) In *Bender v. Schallerer*, 9 Ill. App. 3d 951, 952-53, 293 N.E.2d 411, 413 (1st Dist. 1973), the court said:

> "Courts have the inherent power to dismiss lawsuits for want of prosecution. (*Sanitary Dist. of Chicago v. Chapin* (1907), 226 Ill. 499, 80 N.E. 1017.) This power of ancient origin (*Link v. Wabash R.R. Co.* (1962), 370 U.S. 626), is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the progress of trial calendars. (*Robertson v. Western Bearings Co.* (1964), 50 Ill. App. 2d 173, 200 N.E.2d 48.) Circumstances justifying the dismissal of an action are governed by the facts peculiar to each specific case. A determination of

---

[2] The speedy trial guarantees of both the Federal and State constitutions are applicable by their terms to "criminal prosecutions." (U.S. Const., amend. VI; Ill. Const. 1970, art. I, §8.) Thus we are not called upon here to apply the balancing test set out in *Barker v. Wingo*, 407 U.S. 514, 33 L. Ed. 2d 101, 92 S. Ct. 2182 (1972). By its enactment in 1969 of section 1—2—1.1 of the Municipal Code (Ill. Rev. Stat. 1975, ch. 24, par. 1—2—1.1), our General Assembly imposed the rules of criminal procedure on ordinance violation cases where conviction might result in incarceration. But those rules do not apply where, as here, a fine only is authorized upon conviction. See *City of Crystal Lake v. Nelson*, 5 Ill. App. 3d 358, 283 N.E.2d 239 (2d Dist. 1972).

whether there has been a lack of diligent prosecution rests within the sound discretion of the trial court and that determination will not be disturbed upon appeal unless the reviewing court finds that the trial court abused its discretion. *Elward v. Mancuso Chevrolet, Inc.* (1970), 122 Ill. App. 2d 421, 259 N.E.2d 344."

See also *Geraty v. Carbona Products Co.*, 16 Ill. App. 3d 702, 306 N.E.2d 544 (1st Dist. 1973); *Deardorff v. Decatur & Macon County Hospital Association*, 111 Ill. App. 2d 384, 250 N.E.2d 313 (4th Dist. 1969) (reviewing court will not interfere absent a manifest abuse of discretion).

■■ The instant case implicated not only this inherent power, but also the statutory directive that a defendant arrested for an ordinance violation be tried "without unnecessary delay" (Ill. Rev. Stat. 1973, ch. 24, par. 1—2—9; *City of Chicago v. Wisniewski*). The delay here was not as long as the 17 months involved in *Wisniewski*. The original order of dismissal was entered exactly 10 months after the defendant's arrest and almost nine months after he asserted his right to a speedy trial.[3] We cannot say on the basis of the bare record before us that the trial court, which was familiar with all the facts and circumstances peculiar to the case, including the City's stipulation that none of the delay in bringing the case to trial court be attributed to the defendant, abused its discretion in dismissing for excessive and unjustified delay, even under the standard of review applicable in a civil case. The fact that this case is "quasi-criminal" in nature, we think, only strengthens the conclusion that the court's determination that an unjustified delay of 10 months in bringing a defendant to trial for violation of a traffic ordinance is excessive, particularly considering appellee's insistence that he be tried at an early date, should be upheld. We realize that it has been said that the possibility that one's driver's license will be revoked upon conviction of driving while under the influence of intoxicants is not strictly speaking an additional penalty for violation of the ordinance. (See *City of Crystal Lake v. Nelson*, 5 Ill. App. 3d 358, 283 N.E.2d 239 (2d Dist. 1972).) The severity of this potential collateral consequence, however, cannot be gainsaid.

For the foregoing reasons the order of the Circuit Court of Jackson County dismissing the cause of action is affirmed.

Affirmed.

EBERSPACHER and G. J. MORAN, JJ., concur.

---

[3] We do not interpret the court's language in its final order of May 14, 1976, to the effect that "there has now been an excessive delay" to mean that the court considered the additional eight months that had elapsed since its original order of September 11, 1975, in reaching its decision.