THE CITY OF CRYSTAL LAKE, Plaintiff-Appellant, *v.* JEANNE SAK *et al.*, Defendants-Appellees.

Second District   Nos. 76-3 through 76-5 cons.

Opinion filed September 22, 1977.

John L. Cowlin, of Cowlin, Cowlin & Ungvarsky, of Crystal Lake, for appellant.

James C. Franz, of Crystal Lake, for appellees.

Mr. JUSTICE GUILD delivered the opinion of the court:

This is a consolidation of three appeals by the City of Crystal Lake (City) from orders of dismissal entered by the Circuit Court of McHenry County in traffic ordinance violation cases brought against three separate defendants. Only defendant Russell Miller is represented in this appeal.

The first issue is whether the lengthy delay in bringing the cases to trial, not directly caused by the municipality, requires the dismissal of ordinance violation cases instituted by means of citation or summons. The second issue is whether the mere lapse of time in cases conducted under the civil rules of procedure is sufficient in and of itself to justify a dismissal for want of prosecution.

We first consider the system for conducting misdemeanor jury trials which existed in McHenry county during the period involved here. The appellant contends, without contradiction, that misdemeanor jury trials were only heard during the last two weeks of each month from September to June. These cases were only heard by one associate judge in any given week with whatever jurors who were not needed by the circuit judges in their cases. If there were no jurors available during a given week then the misdemeanor call was not held. A delay of from 12 to 18 months would elapse as a matter of course between the plea and jury demand of a misdemeanor defendant and the first appearance of his case on the court's misdemeanor jury call. Each misdemeanor jury call consisted of 100 cases of which only a few would be tried and the rest continued upon the court's own motion. These continuances were not to specific dates but rather to the next available call or to the call of a certain month. The circuit court clerk was ostensibly responsible for keeping the calls current and notifying the parties of their next trial date by mail. On oral argument we have been informed that this system has subsequently been changed, although we are not aware of the details of the new procedure being used.

The applicable facts of the individual cases are as follows. Defendant Jeanne Sak was issued two traffic citations on January 9, 1973, one for improper change of lane and one for driving while intoxicated, both citations reciting violations of the municipal code of Crystal Lake. On January 30, 1973, defendant's attorney filed a motion for discovery and on February 26, 1973, defendant appeared in court, pleaded not guilty to both citations and demanded trial by jury. The cases were placed on the master jury trial calendar and first appeared on April 26, 1974. The parties both answered "Ready" but the cases were not reached and were continued to the June 1974 call on the court's own motion. On June 12, 1974, the City of Crystal Lake requested a continuance and the cases were continued until the September 1974 call. These cases were not placed upon that call by the clerk for some reason not revealed by the record. The next time the cases were called was October 22, 1975, when both

parties answered "Ready." The cases were then set for trial on October 27, 1975. On that date defendant's attorney, without prior notice to the City, presented an oral motion to dismiss both citations on the grounds that defendant did not receive a speedy trial and that it would be unfair to proceed. This motion was granted and the case was dismissed, 33 months and 18 days after the citations were issued.

Robert Kendrick was issued a traffic citation for driving while intoxicated in violation of the municipal code of Crystal Lake on November 11, 1972. Defendant appeared in court on December 18, 1972, pleaded not guilty and demanded a jury trial. In the course of events the case was first called on February 21, 1974, before Judge Leonard Brody. On that date defendant moved for a substitution of judges on the grounds that Judge Brody was prejudiced against defendant and/or his attorney. This motion was allowed and the case continued to the March 1974 call of Judge Thomas Baker. On March 22, 1974, the case was continued to the April 1974 call on the court's motion. On April 26, 1974, the case was continued to the June call on the court's own motion. The record fails to disclose any order relating to the June misdemeanor jury call. On August 12, 1974, the case was again called before Judge Brody, despite the prior order for substitution of judges. At this time, on the City's motion, the case was continued to the September 1974 call. The reason for the City's continuance is not reflected by the record. For reasons not disclosed by the record, the case was never placed on the September 1974 misdemeanor jury call by the clerk. As a result the case was not called until October 27, 1975. On that date the case was called before Judge Brody again, despite the order for substitution of judges. On that date defendant's attorney, without prior notice to the city, made an oral motion to dismiss the citation on the grounds that the lengthy delay denied defendant's right to a speedy trial and that a trial at that point would be fundamentally unfair. This motion was granted and the case was dismissed 35 months and 16 days after citation was issued.

Russell Miller was issued a traffic citation for driving while intoxicated in violation of the municipal code of Crystal Lake on May 3, 1973. On May 21, 1973, defendant appeared in court, pleaded not guilty and demanded trial by jury. The case was first called on May 31, 1974, with both parties answering "Ready" and was continued to the July call on the court's own motion. On July 10, 1974, the case was again called and was ordered continued to the September trial call on the motion of the City of Crystal Lake due to the National Guard commitment of the city attorney. On September 18, 1974, the case was again called, the City answering "Ready" and it was continued to the November 1974 call on the court's motion due to the defendant's representation that he could not locate a witness. This contention was supported by an affidavit filed by

defendant's attorney on September 19, 1974. For reasons not set forth in the record, the case was not placed on the November 1974 call by the clerk. On October 22, 1975, defendant's attorney filed a written motion to dismiss on the alleged grounds that the defendant was not tried within 160 days of arrest as required by section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1973, ch. 38, par. 103—5(b)) and that trial at that point would be manifestly unjust and unfair. This motion was granted and the citation was dismissed ostensibly "for want of prosecution," 29 months and 19 days after it was issued.

■■ It has long been held in Illinois that although prosecutions under city ordinances are similar in many respects to criminal proceedings, they are civil in form and the civil rules of procedure are applicable at trial and on review. (*City of Decatur v. Chasteen* (1960), 19 Ill. 2d 204, 166 N.E.2d 29; *Village of Maywood v. Houston* (1956), 10 Ill. 2d 117, 139 N.E.2d 233; *City of Highland Park v. Curtis* (1967), 83 Ill. App. 2d 218, 226 N.E.2d 870.) It is to be noted that in none of the three cases herein did the defendants ask for trial until the case was reached under the court procedure outlined above.

The defendant Miller herein relies upon *City of Chicago v. Wisniewski* (1973), 54 Ill. 2d 149, 295 N.E.2d 453. We do not find that case to be applicable to the facts before us herein. In *Wisniewski* a delay in bringing the case to trial for a period of 17 months was caused by unexcused motions of the city for a continuance. The supreme court stated:

"We agree with the trial court's determination that section 103—5 of the Code of Criminal Procedure is not to be applied literally to prosecutions for violation of a municipal ordinance. [Citation.] That determination does not, however, dispose of the matter, for it does not follow that because section 103—5(b) is not applicable, a prosecuting municipality may proceed on its own convenience.

With respect to prosecutions for violations of municipal ordinances, the General Assembly has provided: 'Every person arrested upon a warrant, without unnecessary delay, shall be taken before the proper officer for trial.' (Ill. Rev. Stat. 1967, ch. 24, sec. 1—2—9.) *The prosecution against the defendant was commenced by an arrest*, and while the Municipal Code provision is less precise than section 103—5 of the Code of Criminal Procedure, its requirement of trial 'without unnecessary delay' certainly does not contemplate the kind of delay to which the defendant was subjected in this case." (Emphasis added.) 54 Ill. 2d 149, 152-53, 295 N.E.2d 453, 454-55.

In *City of Carbondale v. Irving* (1977), 45 Ill. App. 3d 699, 360 N.E.2d 118, the Fifth District cited *Wisniewski* as precedent when it considered an ordinance violation case in which the defendant had demanded a

speedy trial shortly after he was issued a citation for driving while intoxicated. That court affirmed the dismissal of the charge after finding that both the "unnecessary delay" standard of paragraph 1—2—9 and the more liberal civil standards involving lack of diligent prosecution were violated. We do not quarrel with the result reached in *Irving*, especially since the city of Carbondale stipulated at trial that the 10-month delay could not be attributed to the defendant and there was insufficient excuse for the lapse. However, we do disagree that the supreme court has mandated the application of the "unnecessary delay" standard of paragraph 1—2—9 to all ordinance violation cases. We read *Wisniewski* as applying that standard only to instances of custodial arrest or to arrest upon a warrant arising from violations of municipal ordinances. In all other instances where the proceedings were instituted by summons the normal civil standards regarding dismissal for want of prosecution should be applied. These civil standards, as noted above, were also applied in *Irving*, with the city of Carbondale being found wanting. This is not the situation in the cases before us.

In *People v. Ware*, (1976), 41 Ill. App. 3d 902, 355 N.E.2d 142, this court considered this question in a conviction under the Illinois statute (Ill. Rev. Stat. 1971, ch. 92½, par. 11—501(a)) for driving while intoxicated. We feel that the comment therein is applicable here.

> "Perhaps the defendant hoped that if he didn't push, the charge (or the arresting officer) would somehow disappear. But things just didn't work out that way here." 41 Ill. App. 3d 902, 907, 355 N.E.2d 142, 145.

■■ While it is true that the courts of this State have long held that the trial courts have the inherent power to dismiss civil cases for inexcusable delay and lack of diligence, the determination of whether there has been a lack of diligent prosecution rests in the sound discretion of the trial court. The Court of Appeals of North Carolina perhaps most aptly stated the position of this court in quoting from 5 Moore's Federal Practice par. 41.11[2]:

> "Dismissal for failure to prosecute is proper only where the plaintiff manifests an intention to thwart the progress of the action to its conclusion, or by some delaying tactic plaintiff fails to progress the action toward its conclusion." *Green v. Eure* (1973), 18 N.C. App. 671, 672, 197 S.E.2d 599, 601.

The delay in the three ordinance violation trials here was caused by the system outlined above, set up and used by the circuit court. It seems slightly incongruous therefore that that same court would then dismiss the cause of action for delay in bringing the same to trial where the delay itself was caused by the court. The City is certainly no less entitled to its day in court than is a private individual. Nor are we impressed by the

possible argument that it was the duty of the City to move the court for an early date for trial. While this argument might well be valid in a criminal charge, we do not find that it applies to a proceeding, civil in nature such as the cases herein. It is the function of the court to see that cases are tried as expeditiously as possible. It is not the function of the trial court to cause the delay and then dismiss the action because of that delay.

■■ We find that the trial court, under the circumstances of this case, did in fact abuse its discretion in dismissing the cases herein because of the delay in bringing the defendants to trial—a delay caused not by the City of Crystal Lake, but by the court's own failure to provide a forum for the disposition of these ordinance violation cases at an early date. We therefore reverse and remand for trial.

Reversed and remanded for trial.

WOODWARD and BOYLE, JJ., concur.