THE CITY OF PEORIA, Plaintiff-Appellee, v. STUART TOFT, d/b/a Alliance Communications, Defendant-Appellant.

Third District   No. 3—90—0489

Opinion filed June 28, 1991.

Stuart Toft, of Champaign, appellant *pro se.*

Glenn H. Collier and David L. Thomas, Corporation Counsel, both of Peoria, for appellee.

JUSTICE BARRY delivered the opinion of the court:

Defendant Alliance Communications, a sole proprietorship owned by Stuart Toft, appeals from a judgment of the circuit court of Peoria County finding the business entity guilty of violating the City of Peoria's parking ordinances and ordering it to pay a fine of $150 and court costs. The only issue raised on appeal is whether the trial court erroneously denied defendant's motion to dismiss because of time barring. We affirm.

The six parking tickets at issue were written between January 23, 1987, and May 5, 1987. The City's sworn complaint was filed in the circuit court of Peoria on February 5, and summons was served on defendant in Champaign, Illinois, on February 21, 1990. Prior to the date set for defendant to answer, defendant filed its motion to dismiss on the ground that the City had only two years to bring suit to recover on its parking tickets. The court, after hearing the parties' arguments, denied the motion. The cause proceeded to a bench trial, and defendant was found guilty and fined as aforesaid.

Because of the "quasi-criminal" nature of the proceeding below, we are asked to determine whether the five-year limitation period of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 13—205), the two-year limitation period of the Code of Civil Procedure for statutory penalties (Ill. Rev. Stat. 1989, ch. 110, par. 13—202), or the 18-month period allowed for a misdemeanor prosecution under the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 3—5) controls. From the briefs on appeal and our independent research,

this appears to be an issue of first impression in the reviewing courts of this State.

■■ The character and attributes of prosecutions for municipal ordinance violations were cogently surveyed in *Village of Beckmeyer v. Wheelan* (1991), 212 Ill. App. 3d 287, 289-90, 569 N.E.2d 1125, 1127-28. For purposes of the issue before us, the court's summary merits quotation in pertinent part:

"Violations of municipal ordinances have for many years been characterized by the courts as 'quasi-criminal' in nature, hybrids presenting aspects of both civil and criminal nature (*Johnston v. City of Bloomington* (1979), 77 Ill. 2d 108, 111-12, 395 N.E.2d 549, 550), but not creating a third, distinct class of action. *City of Waukesha v. Schessler* (1941), 239 Wis. 82, 86, 300 N.W. 498, 500.

Municipal ordinance violations are tried and reviewed as civil proceedings, and the Civil Practice Law (Act) (Ill. Rev. Stat. 1989, ch. 110, par. 2—101 *et seq.*) applies to such prosecutions with certain aspects of the Act subject to limitation by the court. (*City of Danville v. Hartshorn* (1973), 53 Ill. 2d 399, 404, 292 N.E.2d 382, 385 (invocation and extent of discovery provisions of Act within trial court's discretion).) ***

The burden of proof in these cases is that of the civil standard, a preponderance of the evidence, occasionally described as 'a clear preponderance of the evidence' (*City of Chicago v. Joyce* (1967), 38 Ill. 2d 368, 373, 232 N.E.2d 289, 291), rather than the criminal standard of 'beyond a reasonable doubt.' Just as the term 'quasi-criminal' does not create a third class of action, a 'clear preponderance of the evidence' does not create a third burden of proof. See *Teter v. Spooner* (1922), 305 Ill. 198, 211, 137 N.E. 129, 135.
***

The courts have rejected contentions that the time limitations of section 103—5(b) of the Code of Criminal Procedure of 1963 (Ill. Rev. Stat. 1989, ch. 38, par. 103—5(b)) apply to ordinance violations prosecutions (*e.g., City of Chicago v. Wisniewski* (1973), 54 Ill. 2d 149, 152-53, 295 N.E.2d 453, 454). They have, instead, required diligent prosecution of ordinance violations under section 1—2—9 of the Illinois Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 1—2—9), which requires prosecution 'without unnecessary delay.' The supreme court found in *Wisniewski* (54 Ill. 2d at 152-53, 295 N.E.2d at 454), that 'it does not follow that because section 103—5(b) is not applicable,

a prosecuting municipality may proceed on its own convenience.' Accord *City of Carbondale v. Irving* (1977), 45 Ill. App. 3d 699, 704, 360 N.E.2d 118, 119-20.

Because the Code of Civil Procedure applies to these prosecutions, complaints alleging violations need not be drawn with the precision necessary in the drafting of a criminal indictment or information. *City of Chicago v. Westphalen* (1968), 95 Ill. App. 2d 331, 335, 238 N.E.2d 225, 227."

■ Defendant suggests that section 1—2—1.1 of the Illinois Municipal Code (Ill. Rev. Stat. 1989, ch. 24, par. 1—2—1.1), relating to misdemeanors, requires application of criminal procedure rules. We disagree. Section 1—2—1.1 refers to violations prosecuted by an information or sworn complaint and punishable by incarceration. It does not apply to violations not punishable by a jail sentence. (*Village of Mundelein v. Aaron* (1983), 112 Ill. App. 3d 134, 445 N.E.2d 57.) Mr. Toft in this case was not arrested or otherwise deprived of liberty. His company's violations of the parking ordinances subjected him to fines only.

The Illinois Municipal Code further provides that prosecutions for ordinance violations involving an arrest must be commenced "without unnecessary delay." (Ill. Rev. Stat. 1989, ch. 24, par. 1—2—9.) But the Code is silent with respect to proceedings instituted upon service of summons.

In *City of Crystal Lake v. Sak* (1977), 52 Ill. App. 3d 684, 367 N.E.2d 989, the court held that civil standards relating to dismissal for want of prosecution apply to violations of municipal ordinances not involving an arrest. The issue in *Sak* concerned delay between the issuance of traffic citations and trial. The court distinguished this situation from that of *Wisniewski*, which involved an arrest and "unnecessary delay" between that arrest and the eventual trial. To the extent that the instant case did not involve an arrest, we find that the *Sak* court's adherence to civil procedure rules and its rejection of *Wisniewski*-type limitations pursuant to section 1—2—9 apply to the resolution of the issue here.

■ Next, we find that the two-year limitations period for personal injuries (Ill. Rev. Stat. 1989, ch. 110, par. 13—202) does not apply. Although the ordinance at issue permits the municipality to penalize the offender with a fine, this is not the sort of "statutory penalty" contemplated by the personal injury limitation statute. An "ordinance" is a local rule enacted by a unit of government pursuant to authority delegated by the State. By contrast, a "statute" bears the imprimatur of the State legislature (*Battershell v. Bowman Dairy Co.*

(1961), 37 Ill. App. 2d 193, 185 N.E.2d 340), and the legislature's use of the phrase "statutory penalty" does not evince an intent to encompass fines or other penalties exacted for violations of local laws. See *Clare v. Bell* (1941), 378 Ill. 128, 37 N.E.2d 812 (court rejected application of section 14 of statute of limitations (Ill. Rev. Stat. 1941, ch. 83, par. 15 (currently ch. 110, par. 13—202)) in suit involving county's collection of real estate taxes and penalty).

The City of Peoria correctly points out that in the absence of any other specific limitations statute, the five-year limitation period for "civil actions not otherwise provided for" (Ill. Rev. Stat. 1989, ch. 110, par. 13—205) applies. A complaint was filed and defendant was served with summons to answer for parking ordinance violations within this period. Accordingly, we hold that the circuit court of Peoria County committed no error in denying defendant's motion to dismiss and entering judgment for the City.

The judgment of the circuit court is affirmed.

Affirmed.

McCUSKEY and GORMAN, JJ., concur.