478

THE CITY OF CHICAGO, Plaintiff-Appellee, v. PETER BURGARD, Defendant-Appellant.

First District (1st Division)   No. 1—96—0064

Opinion filed November 25, 1996.

John W. Moore, of Chicago, for appellant.

Susan S. Sher, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Ruth F. Masters, Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE WOLFSON delivered the opinion of the court:

An ordinance of the City of Chicago provides:

"It shall be unlawful for any person to sell, offer or expose for sale, or solicit any other person to purchase tickets for any *** place of amusement, upon any public way or other public place within the district bounded on the north by the Chicago River, on the south by the south line of Roosevelt Road, on the east by Lake

Michigan, and on the west by the Chicago River." Chicago Municipal Code § 10—8—490 (1990).

The charge against Peter Burgard was:

"On or about 9 July 1995 at 1102 S. Columbus Drive, Chicago, Cook County, Illinois, committed the offense of selling tickets in Loop in that he offered or exposed for sale tickets for a place of amusement, to-wit the Grateful Dead Concert at Soldier Field in a public place at the above location which is north of Roosevelt Road, south and east of the Chicago River, and west of Lake Michigan."

At trial, a Chicago police officer testified that she saw the defendant speaking to people and showing them tickets. She overheard the defendant speak to one person:

"Q. Could you tell us what if anything the defendant said to this person?

A. Not verbatim, but he said they were good seats, and [he] would give [that person] a good price."

After the city rested its case, defense counsel moved for a "directed finding." For the first time in the proceeding, as a virtual afterthought, the defense referred to the first amendment to the United States Constitution:

"My point is, your Honor, that offers to commit otherwise legal acts are protected by the first amendment ***[.] You cannot criminalize offers to commit legal acts. I would respectfully submit the ordinance applied is overbroad. Second, that it's unconstitutional as applied under the first amendment ***."

The city, although obviously taken by surprise ("Again since this is raised at this point, I really don't have any Illinois case law based on that"), did not object to the first amendment argument being made. The trial judge ruled on the first amendment issue:

"You raise a constitutional argument. I am not going to declare this ordinance unconstitutional, vague or overly broad making criminal something that is not criminal."

That was the extent of the discussion about the first amendment. Despite the defendant's denial of facts testified to by the police officer, the trial judge entered a finding of guilty. The defendant was fined $50 and placed on supervision.

On appeal, the defendant relies only on a first amendment argument. He expands on the casual remarks made in the trial court. Here, he contends that commercial speech that is lawful and not misleading is protected unless the prosecution proves regulation advances an asserted governmental interest and the regulation is not more extensive than necessary to serve that interest. He cites *Central Hudson Gas & Electric Corp. v. Public Service Comm'n*, 477 U.S. 557, 65 L. Ed. 2d 341, 100 S. Ct. 2343 (1980).

The city contends the defendant has waived his right to claim the first amendment was violated in this case. Since the case is civil in form, contends the city, the civil rules of procedure apply at trial and on review. See *City of Crystal Lake v. Sak*, 52 Ill. App. 3d 684, 687, 367 N.E.2d 989 (1977). According to the city, the mandatory disclosure requirements of section 2—613(d) were violated when the defendant waited until after the city closed its case before asserting the first amendment defense.

The purpose of section 2—613(d) is to avoid unfair surprise to an opposite party. The defendant contends it was the city's burden to justify application of the ordinance, citing *City of Chicago v. Prus*, 117 Ill. App. 3d 455, 453 N.E.2d 776 (1983).

■ Ordinarily, matters of constitutional magnitude should be raised before the trial begins. The trial judge should be given an opportunity to carefully consider legitimate constitutional issues. If a constitutional issue is not timely raised, it is held to have been waived. *In re Liquidations of Reserve Insurance Co.*, 122 Ill. 2d 555, 568, 524 N.E.2d 538 (1988).

■ But in this case the city did not object to the timeliness of the first amendment contention. It was raised at trial, before verdict. And the trial judge ruled on it. Under these circumstances, we do not see how section 2—613(d) constructs a waiver.

Whether this ordinance is constitutional on its face and as applied to this defendant are serious issues. Serious issues should be dealt with seriously. In this case, they were not. Not by anybody. As in *Calloway v. Kinkelaar*, 168 Ill. 2d 312, 329, 659 N.E.2d 1322 (1995), "we lack the benefit of a thoroughly researched and analyzed presentation of both sides of the issue."

We believe the interests of justice would best be served by vacating the defendant's conviction and remanding this case for a full evidentiary hearing on whether the first amendment was offended in this case. See *City of Chicago v. Prus*, 99 Ill. App. 3d 473, 476, 425 N.E.2d 426 (1981). If, after a hearing, the trial judge finds there was no constitutional violation, the conviction should be reinstated. We would then, presumably, have a record that would help us reach a considered judgment.

We therefore vacate the defendant's conviction and sentence and remand this cause to the trial court for proceedings consistent with this opinion.

Vacated and remanded.

CAMPBELL, P.J., and BUCKLEY, J., concur.