[No. A048927. First Dist., Div. Three. Mar. 8, 1991.]

RAY MENEFEE, Plaintiff and Appellant, v.
KARL OSTAWARI et al., Defendants and Respondents.

**COUNSEL**

Weiss & Weissman and Gregory P. Dolinajec for Plaintiff and Appellant.

Bledsoe, Cathcart, Leahy, Starr & Diestel, R. S. Cathcart and L. Jay Pedersen for Defendants and Respondents.

**OPINION**

**STRANKMAN, J.**—Plaintiff and appellant Ray Menefee was a former month-to-month tenant of premises owned by defendants and respondents Karl Ostawari and Sylvia Weiss, individually and doing business as O.W. Investments, and O.W. Investments. By his complaint, appellant alleged his month-to-month tenancy was wrongfully terminated by defendants in violation of the San Francisco Rent Control Ordinance (Rent Control Ordinance) embodied in section 37.1 et seq. of the San Francisco Administrative Code. The trial court entered summary judgment (Code Civ. Proc., § 437c)[1] against appellant on his complaint and in favor of respondents on the ground the action was barred by the one-year limitations provision under section 340, subdivision (1). We affirm.

I. *Uncontroverted Facts and Complaint*

Prior to his eviction, appellant had occupied the premises for nine years pursuant to a month-to-month oral tenancy agreement. Section 37.9 of the

---

[1]All further statutory references are to the Code of Civil Procedure unless indicated otherwise.

Rent Control Ordinance (hereafter RCO section 37.9), subdivision (a) thereof, provides that "[a] landlord shall not endeavor to recover possession of a rental unit unless . . ." one or more of 13 conditions described in the remainder of the section is found to exist. On September 15, 1987, respondents served appellant with a 30-day notice terminating tenancy, which recited that "[t]he reason for said notice is: change of ownership." Change of ownership is not one of the 13 conditions described in RCO section 37.9, under which a lessor is authorized to terminate a tenancy.

As a result of being served with the 30-day notice, appellant suffered an immediate onset of emotional distress and exacerbation of preexisting bodily injuries. On September 28, 1987, he asked respondents whether he could continue to stay in the premises if he paid a higher rent. Respondents refused his request and told him he had to move out. On October 10, 1987, appellant vacated the premises and respondents recovered possession.

On September 20, 1988, more than one year from the date of service of the thirty-day notice, appellant caused to be filed the complaint alleging wrongful eviction from the premises. The first cause of action alleged a violation of RCO section 37.9. The complaint purported to state 11 additional causes of action for, inter alia, breach of covenant of quiet enjoyment, negligence, fraud, negligent misrepresentation, and infliction of emotional distress. All causes of action, however, were based upon the allegedly wrongful service of notice terminating tenancy and the termination of tenancy.

## II. *Motion for Summary Judgment*

Following the filing of respondents' answer to the complaint and discovery, respondents moved for summary judgment on the ground, among others, the entire action was barred by the one-year limitations provision under section 340, subdivision (1), governing actions based upon a statute for a penalty or forfeiture. Respondents reasoned that appellant's claim for relief was premised entirely upon RCO section 37.9, subdivision (f), authorizing treble damages which constituted a penalty. Appellant contended the applicable statute of limitations was former section 338, subdivision 1 (now subd. (a)), governing actions upon a liability created by a statute, other than a penalty or forfeiture.

At the conclusion of the hearing on the motion, the trial court took the matter under submission. The court thereafter issued an order entitled "Order re Demurrer & Order Setting Status Conference," ruling that certain causes of action were barred as a matter of law by section 340, subdivision (1). Respondents' counsel contacted the trial court's staff directing its

attention to the fact they had filed a motion for summary judgment and not a demurrer. A staff member requested that counsel prepare a new judgment reflecting the granting of summary judgment. Seeking clarification of the order, appellant filed a motion for new trial. The motion was denied. The court thereafter entered summary judgment and awarded respondents attorney fees and costs.

### III. *Discussion*

■ Section 340, subdivision (1), prescribes a one-year limitations period for "[a]n action upon a statute for a penalty or forfeiture, when the action is given to an individual, or to an individual and the state, except when the statute imposing it prescribes a different limitation."

Claims based upon statutes which provide for mandatory recovery of damages additional to actual losses incurred, such as treble damages, are considered penal in nature, and thus are governed by the one-year limitations period under section 340, subdivision (1). (*G.H.I.I.* v. *MTS, Inc.* (1983) 147 Cal.App.3d 256, 277 [195 Cal.Rptr. 211, 41 A.L.R.4th 653]; see *Holland* v. *Nelson* (1970) 5 Cal.App.3d 308, 312 [85 Cal.Rptr. 117]; *Ashland Oil Co. of Cal.* v. *Union Oil Co. of Cal.* (9th Cir. 1977) 567 F.2d 984.) In the *G.H.I.I.* decision, the court stated as to California antitrust statutory provisions: "[W]e note that the Unfair Practices Act provides for recovery of actual (Bus. & Prof. Code, § 17070) and treble damages (Bus. & Prof. Code, § 17082). An award of treble damages is mandatory under section 17082 if a violation of the Unfair Practices Act is established. [Citation.] [¶] As appellants concede, the settled rule in California is that statutes which provide for recovery of damages additional to actual losses incurred, such as double or treble damages, are considered penal in nature [citations], and thus governed by the one-year period of limitations stated in section 340, subdivision (1)." (*G.H.I.I.*, *supra*, at p. 277, fn. omitted.)

■ Certain statutory schemes contain separate, independent statutory provisions for recovery of actual damages and treble damages. (See *G.H.I.I.* v. *MTS, Inc.*, *supra*, 147 Cal.App.3d at p. 279.) In such case, a claim for actual damages under one statute will be governed by a different statute of limitations than section 340, subdivision (1), which will govern the claim for treble damages. (*G.H.I.I.*, *supra*, at p. 278.) Where a statute vests the trial court with the discretionary option of awarding treble damages in addition to actual damages, a claim based upon such statute is not governed by section 340, subdivision (1). (*Holland* v. *Nelson*, *supra*, 5 Cal.App.3d at pp. 312-313.) Where, however, the allowance of treble damages is, by the terms of the statute, mandatory, such statute provides for a penalty, and an action based thereon will be subject to section 340, subdivision (1).

■ Here, RCO section 37.9, subdivision (f), provides for recovery of treble damages: "Whenever a landlord wrongfully endeavors to recover possession or recovers possession of a rental unit in violation of Sections 37.9 and/or 37.10 as enacted herein, the tenant or board may institute a civil proceeding for injunctive relief, *money damages of not less than three times actual damages,* and whatever other relief the court deems appropriate. The prevailing party shall be entitled to reasonable attorney's fees and costs pursuant to order of the court. The remedy available under this subsection shall be in addition to any other existing remedies which may be available to the tenant or the board." (Italics added.)

The foregoing provision for an award of no less than treble the amount of actual damages is mandatory; thus, on a claim for money damages under this provision, the trial court has no discretion to award actual damages alone, but must award treble the amount of actual damages.[2] (*Kelly* v. *Yee* (1989) 213 Cal.App.3d 336, 340-341 [261 Cal.Rptr. 568].) Such provision therefore appears on its face to constitute a penalty subject to section 340, subdivision (1).

Appellant argues that the provision for recovery of treble damages, though mandatory, is not punitive in nature, i.e., is not for the purpose of deterring the wrongdoer, or punishing the wrongdoer for a greater degree of culpability than might be warranted for technical violations of the statute, and therefore should not be treated as a penalty. Appellant cites *Kelly* v. *Yee,* where the court, reviewing this specific provision, stated: "Treble damages under section 37.9, subdivision (f) of the San Francisco Rent Control Ordinance serve an entirely different legislative objective than punitive damages under Civil Code section 3294. Such damages promote effective enforcement of the ordinance on behalf of low-income tenants, while punitive damages generally serve to deter the sort of extreme disregard for the rights of others that 'decent citizens should not have to tolerate.' [Citation.]" (*Kelly* v. *Yee, supra,* 213 Cal.App.3d at pp. 341-342.)

By such argument, appellant erroneously equates statutory damages penal in nature with punitive damages. (See *Beeman* v. *Burling* (1990) 216 Cal.App.3d 1586, 1597 [265 Cal.Rptr. 719].) In *Beeman,* the tenant challenged the constitutionality of RCO section 37.9, subdivision (f), on the ground the provision for mandatory treble damages conflicted with general California laws on punitive damages. (216 Cal.App.3d at p. 1596.) The appellate court, in rejecting this argument, explained that while statutory

---

[2] In the recent decision of *Balmoral Hotel Tenants Assn.* v. *Lee* (1990) 226 Cal.App.3d 686, 697 [276 Cal.Rptr. 640], the court held that the term " 'actual damages' " in RCO section 37.9, subdivision (f), refers to economic losses alone and does not include damages for mental suffering.

damages such as those under RCO section 37.9, subdivision (f), may take the form of a penalty, they are entirely distinct in concept from punitive damages authorized by Civil Code section 3294. (*Beeman, supra*, at p. 1598.)

We conclude that regardless of the purpose of the provision for treble damages under RCO section 37.9, subdivision (f), such provision constitutes a penalty under California authorities cited *ante*. Whether such result was intended by the drafters of the Rent Control Ordinance or is the product of inartful legislative drafting, is immaterial to our construction of its unambiguous language. Further, neither RCO section 37.9, subdivision (f), nor any other provision of the Rent Control Ordinance contains any separate, severable provision for recovery of untrebled damages alone. Although the statute provides its remedy is in addition to any other remedies available to the tenant, appellant here has no other remedy. Under California common law, respondents' termination of a month-to-month tenancy by service of a 30-day notice was proper.

For these reasons, we conclude the trial court correctly determined as a matter of law appellant's causes of action for damages based upon RCO section 37.9 were governed by the one-year limitations provision under section 340, subdivision (1). We note that *all* causes of action were premised entirely upon an alleged violation of RCO section 37.9, not any separate independent wrong committed by respondents, and accordingly all are subject to section 340, subdivision (1). (See 3 Witkin, Cal. Procedure (3d ed. 1985) Actions, § 307, p. 337 [applicable statute of limitations depends upon gravamen of action rather than form of pleading].)

■ The next issue is the date of accrual of appellant's cause of action for determining the date the limitations period began to run. ■ Generally, a cause of action accrues when, under the substantive law, the wrongful act is done and liability arises, i.e., when a suit may be brought. (*Maguire* v. *Hibernia S. & L. Soc.* (1944) 23 Cal.2d 719, 733 [146 P.2d 673, 151 A.L.R. 1062]; see generally 3 Witkin, Cal. Procedure, *op. cit. supra*, Actions, § 351, pp. 380-381.)

■ Here, RCO section 37.9, subdivision (f), authorizes an action whenever a landlord "*endeavors to recover possession*" or "recovers possession" in violation of RCO section 37.9 or RCO section 37.10. It is uncontroverted that respondents, by the act of service of the 30-day notice, endeavored to recover possession of the premises. Appellant's cause of action under RCO section 37.9, subdivision (f), therefore accrued at that time, on September 15, 1987, in that appellant was entitled to bring suit at that time.

Attempting to circumvent this result, appellant contends that respondents' conduct in enforcing the 30-day notice constituted a "continuing violation" of the Rent Control Ordinance culminating in their actual recovery of the premises on October 10, 1987, and that he did not sustain any actual damage until that date. He argues that for that reason his cause of action did not accrue until October 10.

We disagree. Appellant was damaged at the time of service of the 30-day notice in that respondents interfered with his continued right of possession at that time, and he was entitled to bring suit at that time. Analogously, a cause of action for breach of contract ordinarily accrues at the time of breach regardless of whether any substantial damage is apparent or ascertainable. (3 Witkin, Cal. Procedure, *op. cit. supra*, Actions, § 375, p. 402.)

Appellant's causes of action based upon RCO section 37.9, subdivision (f), accrued on September 15, 1987. He did not file his action until September 20, 1988. The trial court accordingly correctly concluded his action was barred as a matter of law by section 340, subdivision (1).

## IV. *Disposition*

The judgment is affirmed.

White, P. J., and Chin, J., concurred.