**James Kenneth McELDOWNEY, Jr., Plaintiff,**

v.

**NATIONAL CONFERENCE OF BAR EXAMINERS, Defendant.**

**No. CV 93–3146 AWT.**

United States District Court, C.D. California.

Nov. 15, 1993.

Jerry R. Hultgren, Burbank, CA, for plaintiff.

J. Al Latham, Jr., Paul, Hastings, Janofsky & Walker, Los Angeles, CA, for defendant.

## MEMORANDUM ORDER ON MOTION TO DISMISS

TASHIMA, District Judge.

Failed bar examination applicants are continually looking for ways to bring their grievances to a court other than the admitting authority. This is one of those back-door attempts, plaintiff being a failed applicant for the California bar examination.

## BACKGROUND

This is a diversity action against the National Conference of Bar Examiners (NCBE). Defendant does not challenge subject matter jurisdiction, in the sense of lack of diversity of citizenship. Essentially, the complaint alleges that the NCBE prepares and grades the Multistate Bar Examination (MBE). California, among other states, utilizes the MBE on its bar examination and did so on the July, 1991, examination which plaintiff failed.

Plaintiff alleges that his failure was caused by the NCBE assigning as the "correct" answer to "one or more" questions on the examination, an answer or answers different than his own responses. The examination itself is administered by the Committee of Bar Examiners of The State Bar of California (State Bar). After being notified of his failure, plaintiff was permitted by the State Bar to examine the MBE and his answers as scored by the NCBE. He then filed a lengthy petition with the State Bar to review and correct the erroneous scoring of his MBE. The petition was denied on May 31, 1992. Plaintiff then attempted to pursue his grievances with the NCBE but has not had a satisfactory response. This action followed.

The complaint states claims for breach of an asserted third party beneficiary contract between the NCBE and the State Bar and for negligence. It seeks only damages, i.e., it does not seek to compel plaintiff's admission to the bar or any other equitable relief. The NCBE has moved to dismiss for lack of subject matter jurisdiction, absolute quasi-judicial immunity, failure to state a contract claim and the bar of the statute of limitations on the negligence claim.

## DISCUSSION

### 1. *Subject Matter Jurisdiction*

██ The NCBE contends that this court lacks subject matter jurisdiction because the California Supreme Court has original and exclusive jurisdiction over bar admission matters. However, as the cases cited in support of this proposition demonstrate, the state supreme court's exclusive jurisdiction over "bar admission matters," is limited to proceedings which directly challenge the admission process or the refusal to admit an applicant. *See, e.g., Giannini v. Committee of Bar Examiners*, 847 F.2d 1434 (9th Cir. 1988) (per curiam) (action against State Bar challenging denial of admission as unconstitutional); *Margulis v. State Bar*, 845 F.2d 215 (9th Cir.1988) (per curiam) (same); *Smith v. State Bar*, 212 Cal.App.3d 971, 261 Cal.Rptr. 24 (1989) (suit involving payment of fee required to sit for examination).

Here, the action is against neither the state supreme court nor its "arm" for bar admission purposes, the State Bar. It does not seek admission to the bar. It is a damage action against the NCBE, an Illinois corporation. The court concludes that it has

subject matter jurisdiction over this action under 28 U.S.C. § 1332.

### 2. *Absolute Quasi–Judicial Immunity*

■ The NCBE contends that, like the State Bar (and its Committee of Bar Examiners), it should be entitled to absolute quasi-judicial immunity. However, the State Bar's immunity is based on the extensive judicial duties delegated to it by statute and by the state supreme court, pursuant to which the State Bar acts as an "arm of the Supreme Court" in admission matters. *See generally Greene v. Zank,* 158 Cal.App.3d 497, 204 Cal.Rptr. 770 (1984); *see also Levanti v. Tippen,* 585 F.Supp. 499, 504 (S.D.Cal.1984).

Here, by contrast, the NCBE merely contracts to provide the MBE to the State Bar and to score the results for the State Bar. The NCBE characterizes its own function, in preparing and grading the MBE as "perform[ing] an administrative function on behalf of the Committee of Bar Examiners." It is, at the least, highly doubtful that this kind of "administrative function" entitles the performer to judicial immunity. Even a judge himself or herself is not entitled to absolute judicial immunity when acting in an administrative capacity. *Forrester v. White,* 484 U.S. 219, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988).

■ Adopting *Forrester's* functional approach, *id.* at 228–29, 108 S.Ct. at 544–45, the court concludes that one who, under contract, merely writes questions and answers for a bar examination, to be used by bar examining authorities, but who does not have any function or authority in recommending or determining who is and is not qualified to be admitted to the bar, is not entitled to quasi-judicial immunity. The NCBE is no more entitled to judicial immunity than a law school professor who is paid $100 for writing an essay question for the bar examination.

### 3. *Breach of Contract Claim*

■ The NCBE asserts that the breach of contract claim fails to state a claim because plaintiff is not a third-party beneficiary of the contract between it and the State Bar. The court agrees that this contract is not

"made expressly for the benefit of a third person," as required by Cal.Civ.Code § 1559, in order for the contract to be enforceable by plaintiff. The NCBE correctly contends that the purpose of the bar examination, and the MBE as a part of that examination, is to protect the public. It has no purpose or function of conferring any benefit on any person who sits for the examination. The court holds that, as a matter of law, the contract under which the NCBE prepares and scores the MBE for the State Bar is not a third-party beneficiary contract under which plaintiff and others similarly situated are intended beneficiaries.

■ Further, the breach of contract claim must fail because, even assuming there was a breach by the NCBE, plaintiff suffered no damages as the result of such a breach. As the complaint alleges, plaintiff petitioned the State Bar to correct the asserted "errors" of the NCBE. The State Bar, which is the body with the authority to grade the examination and to assign passing and failing scores, refused to correct the claimed "error." Thus, the actions of the State Bar were a supervening cause and if plaintiff were damaged by failing the MBE, those damages were not caused by the NCBE. The only damages recoverable for a breach of contract are "for all the detriment *proximately caused thereby.*" Cal.Civ.Code § 3300 (emphasis added). *See Metzenbaum v. R.O.S. Assoc.,* 188 Cal.App.3d 202, 214, 232 Cal.Rptr. 741 (1986). For this additional reason, the breach of contract claim fails to state a claim.

### 4. *Negligence Claim*

The NCBE contends that the negligence claim is barred by the statute of limitations. It is undisputed that the applicable period of limitations is one year. Cal.Code Civ.Proc. § 340(3). Plaintiff takes the position that the statute of limitations has not even *begun* to run. He reasons, first, that his claimed injury is his "reduced earnings from not practicing law." He then argues that he was not deprived of his ability to practice law until after "the State Bar rendered a favorable determination as to plaintiff's moral fitness. Only then would plaintiff have been admitted

to practice law ... and only then did plaintiff's injury—and hence his cause of action—accrue."

This is a startling admission. In effect, plaintiff concedes that his claim *has not yet accrued* because he has not yet been admitted to the bar. In fact, the complaint does not even allege that the State Bar has found him morally fit to be admitted to the bar. Therefore, if we are to follow plaintiff's reasoning, it appears that plaintiff's negligence claim has not yet accrued.

■ If it has accrued, that accrual was more than one year before plaintiff filed his complaint. The claim appears to have accrued when plaintiff was notified that he had failed the bar examination in November, 1991. Even if accrual could be postponed under some kind of "discovery" rule, plaintiff should have discovered the NCBE's asserted negligence when he examined the MBE and how his answers had been scored in January, 1992. His petition for review to the State Bar, filed in March, 1992, sets forth in detail each of the asserted errors made by the NCBE in scoring his MBE. Thus, at the latest, plaintiff knew by March, 1992, of the NCBE's negligence. This action was not commenced until June 1, 1993. It is untimely because it was not commenced within one year of its accrual. *See Menefee v. Ostawari,* 228 Cal.App.3d 239, 245, 278 Cal.Rptr. 805 (1991) (claim accrues when wrongful act is done and liability arises, *i.e.,* when suit may be brought); *see also Davies v. Krasna,* 14 Cal.3d 502, 512–14, 121 Cal.Rptr. 705, 535 P.2d 1161 (1975).

### CONCLUSION

For the reasons stated above, the complaint fails to state a claim as to either of its claims for relief. As indicated by the discussion above, the deficiencies in the complaint are not such as to be curable by amendment. Thus, leave to amend would be futile and is, therefore, denied.

**IT IS ORDERED** that the complaint and action are hereby **DISMISSED** on the merits.