**Ronald DAWSON, Plaintiff,**

**v.**

**W. & H. VOORTMAN, LTD., a Canadian corporation, Defendant.**

**No. 92 C 8088.**

United States District Court, N.D. Illinois, Eastern Division.

Sept. 15, 1994.

Edward Kaplan, Edward Kaplan & Associates, Chicago, IL, for plaintiff.

John Joseph Reidy, Timothy Scott Breems, Ruff, Weidenaar & Reidy, Ltd., Chicago, IL, for defendant.

---

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

Before the court is defendant W. & H. Voortman, Ltd.'s Motion to Dismiss Counts I, II, X, and XI of plaintiff Ronald Dawson's First Amended Complaint. FED.R.CIV.P. 12(b)(6). The background allegations in this case have been previously explained in *Dawson v. W. & H. Voortman, Ltd.*, 853 F.Supp. 1038 (N.D.Ill.1994), dismissing portions of the original complaint. The court therefore will not repeat that background, but instead proceeds to the substance of defendant's attack on the instant complaint.

### I. ANTITRUST PLEADING ISSUES (COUNT X)

■ Plaintiff asserts in Count X of his amended complaint a section one Sherman Antitrust Act claim. Section one bars a contract, combination or conspiracy in restraint of trade. 15 U.S.C. § 1; *Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 767–69, 104 S.Ct. 2731, 2739–40, 81 L.Ed.2d 628 (1984). Accordingly, joint conduct or concerted action is what is barred in section one, not independent action. *Copperweld*, 467 U.S. at 767–69, 104 S.Ct. at 2739–40.

■ In assessing defendant's Rule 12(b)(6) attack on Count X, it is first necessary to assess what the count is alleging. Keeping in mind that it is a combination that is to be alleged, the question becomes, between whom is the combination? It is clear that what plaintiff complains of is being wronged by Voortman, not by a combination of other Voortman distributors. It is also clear that this is a claim of vertical price fixing. There is simply no other box to fit the count in to have it state a claim. Furthermore, several of the counts point directly to a claim of vertical price fixing. For example, paragraph 31 alleges that "[t]he foregoing formula drastically and illegally limited, restricted and restrained the price for which a distributor could sell his territory." Since it is not problematic that Dawson himself is part of the claimed combination, *see Perma Life*

*Mufflers, Inc. v. International Parts Corp.*, 392 U.S. 134, 142, 88 S.Ct. 1981, 1986, 20 L.Ed.2d 982 (1968) ("[E]ach petitioner can clearly charge a combination between [the supplier] and himself, as of the day he unwillingly complied with the restrictive franchise agreements."), this states a claim under the extremely relaxed federal pleading standards, *see Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).[1]

Only left for the court to consider is whether any special circumstances exist that would bring this case outside of section one. This, after all, is not a prototypical vertical price-fixing case, since the product involved is a one-time item, a business, which, under Voortman's Policy Manual, Dawson had the right to sell, and, again under the Policy Manual, in which Dawson had ownership rights. Can the exclusive right to sell for a supplier be the product the price of which is illegally fixed under a section one claim? Defendant does not point to any case or reasoning why it would not. And in *NCAA v. Board of Regents*, 468 U.S. 85, 104 S.Ct. 2948, 82 L.Ed.2d 70 (1984), television broadcasts were a product that could be price fixed (in that case horizontally, which makes no difference), so the price-fixed product need not be something tangible. Given that, there is no restriction on an antitrust claim of which the court is aware that would bar the claim here.

All other arguments defendant makes go to the factual strength of the count, which are not properly brought on a Rule 12(b)(6) motion.

Insofar as it attacks Count X, defendant's motion is denied.

### II. RESTRAINT–ON–ALIENATION PLEADING ISSUES (COUNT XI)

■ Count XI alleges that the restraints on sale of the territory are illegal restraints on alienation. Defendant argues that Dawson, by the expressed terms of the Policy Manual, did not own his territory or the

---

1. Perhaps there is not enough independence between Dawson and its distributors to satisfy *Copperweld's* requirement that there be separate actors, but that cannot be resolved on the face of Count X.

customers in that territory. Defendant's selective reference to the Policy Manual ignores the fact that the manual expressly provided that Dawson did own his business and the exclusive right to distribute Voortman products in his territory. It appears to be defendant's contention that Dawson owned nothing, an argument which ignores the plain language of the Policy Manual.

However, it is apparent that Count XI does not truly attempt to state an antitrust claim, and that therefore the reference to treble damages in the count should be stricken.

Accordingly, insofar as it attacks Count XI, defendant's motion is granted in part and denied in part. The request for treble damages in Count XI is stricken.

### III. *STATUTE OF LIMITATIONS ISSUES ON COUNTS I & II*

■ Counts I and II are brought pursuant to the Illinois Sales Representative Act, 820 ILCS 120/0.01 *et seq.* Defendant argues under these counts that the Act is a statutory penalty, and so a two-year statute of limitations applies. 735 ILCS 5/13–202. Plaintiff does not contest that if a two-year limitation applies then the Sales Representative Act claims are time-barred. Instead, plaintiff argues that the Act does not impose a statutory penalty, and therefore that the two-year statute is inapplicable. The question of whether the Sales Representative Act is a statutory penalty appears to be unresolved in Illinois.

Both parties rely on their interpretations of an analogous Illinois case, *McDonald's Corp. v. Levine,* 108 Ill.App.3d 732, 64 Ill. Dec. 224, 439 N.E.2d 475 (1982), as the basis for their respective positions. *McDonald's* is instructive, and the court finds plaintiff to have the better argument. In *McDonald's* the Illinois Appellate Court held that the Illinois Eavesdropping Act was not a statutory penalty for purposes of determining the proper statute of limitations. The Illinois Eavesdropping Act, as described by the *McDonald's* court, provides three remedies—an injunction, actual damages and punitive damages. *See id.* at 738–39, 64 Ill.Dec. at 229, 439 N.E.2d at 480 (citing ILL.REV.STAT., ch. 38, ¶ 14–6 (1977)). In deciding that the act

was not a statutory penalty, the court held that "[a] statute is a statutory penalty if it imposes automatic liability for a violation of its terms and the amount of liability is predetermined by the act and imposed without actual damages suffered by the plaintiff." *Id.* at 738, 64 Ill.Dec. at 229, 439 N.E.2d at 480.

The last two requirements of a statutory penalty are not found in the Sales Representative Act. First, the amount of liability is not predetermined by the act. The provision in section two of the act, 820 ILCS 120/2, providing for payment of commissions, only directs the employer to pay commissions due in a timely manner upon termination of the employee. The act has imposed a deadline for payment, but has not created liability where there once was none. Section three of the act, 820 ILCS 120/3, provides for exemplary damages not to exceed three times the commissions due. That figure is determined by the preexisting liability between the parties, and in any event does not impose an automatic figure (as opposed to a cap) or require an award of exemplary damages. Second, the amount of liability under section three is related to the amount of actual damages suffered, in that the exemplary damages cap is tied to the amount of commissions due. The court holds that the Sales Representative Act does not impose a statutory penalty for purposes of determining the proper statute of limitations.

Regarding Counts I and II, defendant's motion is denied.

### IV. *PREVIOUSLY DISMISSED COUNTS*

Defendant also states in its motion to dismiss that Counts V and VI of the First Amended Complaint are identical to two counts previously dismissed by this court. Count V of the First Amended Complaint is identical to the previously dismissed Count V, and so Count V (fraud) in the First Amended Complaint will be dismissed by this order. Count VI, however, survived the original motion to dismiss. It is rather Count IV (tortious interference) that was

previously dismissed and is repeated in the First Amended Complaint.

Accordingly, Counts IV and V of the First Amended Complaint are dismissed.

### CONCLUSION

Defendant's Motion to Dismiss Counts I, II, X and XI of Plaintiff's First Amended Complaint is granted in part and denied in part. The request for treble damages in Count XI is stricken. On the court's own motion, Counts IV and V are dismissed, as identical counts have previously been dismissed on defendant's motion.