FOURTH DIVISION

FEBRUARY 11, 1998

1--97-1034 and 1--96--4288 cons.

GEORGE NAMUR and MATTHEW TOLF,     )  Appeal from the

     )  Circuit Court of

Plaintiffs-Appellees, )  Cook County

)

v. )

)

THE HABITAT COMPANY, )  Honorable Amanda

)  S. Toney, Judge

Defendant-Appellant. )  Presiding.

PRESIDING JUSTICE CERDA delivered the opinion of the court:

Defendant, The Habitat Company, appeals from the denial of its motion to dismiss the lawsuit of plaintiffs, George Namur and Matthew Tolf, who are the former tenants of an apartment leased from defendant.  Defendant also appeals from a penalty and attorney fees imposed pursuant to the Chicago Residential Landlord and Tenant Ordinance (Chicago Municipal Code §5--12--010 
et
 
seq
. (amended November 6, 1991)) (hereinafter the ordinance) based on defendant's failure to attach a summary of the ordinance to plaintiffs' lease.  Plaintiffs argue in their cross-appeal that they were entitled to the full amount of their attorney fees and that the trial court erred in finding that defendant did not commingle their security deposit with defendant's assets.

The issue we address is whether plaintiffs' action alleging violations of the Chicago Residential Landlord and Tenant Ordinance sections sought a "statutory penalty" within the meaning of the two-year statute of limitations found in section 13--202 of the Code of Civil Procedure (735 ILCS 5/13--202 (West 1996)).

FACTS

On December 8, 1991, plaintiffs gave a security deposit and signed a lease for an apartment for a term running from February 1, 1992, through March 31, 1993.  The security deposit was deposited that month.  After plaintiffs vacated the apartment, they received their security deposit back with interest.  

On September 16, 1994, plaintiffs filed a two-count verified complaint against defendant.  Count I sought attorney fees and damages under the ordinance in the amount of twice the security deposit for defendant's alleged failure to comply with section  5--12--080(a) of the ordinance, which prohibited security deposits from being commingled with assets of landlords (Chicago Municipal Code §5--12--080(a) (amended November 6, 1991)).  Count II sought damages and attorney fees for defendant's alleged violation of section 5--12--170 of the ordinance, which required landlords to attach a summary of the ordinance to each written rental agreement (Chicago Municipal Code §5--12--170 (amended November 6, 1991)).   

Defendant filed a motion to dismiss the complaint on the basis that the action was not filed within the two-year statute of limitations contained in section 13--202 of the Code of Civil Procedure for "[a]ctions for damages *** for a statutory penalty" (735 ILCS 5/13--202 (West 1996)).  Defendant argued that the causes of action accrued in 1991, when the lease was signed and when the security deposit was deposited.

The trial court denied the motion to dismiss.  The trial court found that the ordinance was not a "statute" within the meaning of section 13--202.  The trial court instead applied the five-year statute of limitations for civil actions that were "not otherwise provided for."  735 ILCS 5/13--205 (West 1996).

On November 22, 1996, the trial court found for plaintiffs on count I in the amount of $100 and found for defendant on count II.  On February 19, 1997, the trial court entered judgment in favor of plaintiffs for $1,470 in attorney fees.

Defendant appealed, and plaintiffs cross-appealed.  

DISCUSSION

Defendant first argues in its appeal that the trial court erred in denying its motion to dismiss because the complaint was not filed within the two-year statutes of limitations for "[a]ctions for damages *** for a statutory penalty."  735 ILCS 5/13--202 (West 1996).  In support of this issue, defendant argues that section 5--12--080(f) of the ordinance, imposing damages in the amount of two times the monthly rent for commingling a tenant's security deposit, and section 5--12--170 of the ordinance, imposing fixed damages in the amount of $100 for failing to attach a summary of the ordinance, are penal provisions.  Plaintiffs argue that the ordinance is a remedial ordinance.  

The ordinance states its purpose:

"It is the purpose of this chapter and the policy of the city, in order to protect and promote the public health, safety and welfare of its citizens, to establish the rights and obligations of the landlord and the tenant in the rental of dwelling units, and to encourage the landlord and the tenant to maintain and improve the quality of housing."  Chicago Municipal Code §5--12--010 (amended November 6, 1991).

The ordinance "shall be liberally construed and applied to promote its purposes and policies."  Chicago Municipal Code §5--12--010 (amended November 6, 1991).

Count I of the complaint was based on section 5--12--080(a) of the ordinance, which provides:

"A security deposit and interest due thereon shall continue to be the property of the tenant making such deposit, shall not be commingled with the assets of the landlord, and shall not be subject to the claims of any creditor of the landlord ***."  Chicago Municipal Code §5--12--080(a) (amended November 6, 1991).

Section 5--12--080(f) of the ordinance provides the damages for violation of the commingling prohibition:

"If the landlord or landlord's agent fails to comply with any provision of Section 5-12-080(a)--(e), the tenant shall be awarded damages in an amount equal to two times the security deposit plus interest at five percent.  This subsection does not preclude the tenant from recovering other damages to which he may be entitled under this chapter."  Chicago Municipal Code §5--12--080(f) (amended November 6, 1991).

Count II of the complaint was based on section 5--12--170 of the ordinance, which provides:

"The commissioner of the department of housing shall prepare a summary of this chapter, describing the respective rights, obligations and remedies of landlords and tenants hereunder, and shall make such summary available for public inspection and copying.  A copy of such summary shall be attached to each written rental agreement when any such agreement is initially offered to any tenant or prospective tenant by or on behalf of a landlord and whether such agreement is for a new rental or a renewal thereof. *** 

*** If a tenant in a civil legal proceeding against his landlord establishes that a violation of this section has occurred, he shall be entitled to recover $100.00 in damages."  Chicago Municipal Code §5--12--170 (amended November 6, 1991).

The ordinance does not contain a provision limiting the time within which actions must be brought.

Section 13--202 of the Code of Civil Procedure states in part as follows:

"Actions for damages for an injury to the person, or for false imprisonment, or malicious prosecution, or for a statutory penalty *** shall be commenced within 2 years next after the cause of action accrued ***."  735 ILCS 5/13--202 (West 1996).

A statute is penal if it imposes automatic liability for a violation of its terms and if the amount of liability is predetermined by the statute and imposed without actual damages suffered by the plaintiff.  
McDonald's Corp. v. Levine
, 108 Ill. App. 3d 732, 738, 439 N.E.2d 475 (1982).  A statute is remedial where it imposes liability only for actual damages resulting from a violation.  
McDonald's
, 108 Ill. App. 3d at 738.   The ordinance has been found to be penal (
Szpila v. Burke
, 279 Ill. App. 3d 964, 971, 665 N.E.2d 357 (1996)), but it also has been characterized as having remedial purposes (
Friedman v. Krupp Corp.
, 282 Ill. App. 3d 436, 443, 668 N.E.2d 142 (1996)).  Some portions of the ordinance are remedial because they permit recovery of actual damages.  
For example, under section 5--12--060, the tenant may recover actual damages for the landlord's unlawful entry, although not more than one month's rent, and the landlord may recover actual damages for the tenant's refusal to allow lawful access.  Chicago Municipal Code §5--12--060 (amended November 6, 1991).  

The sections of the ordinance that are the basis of plaintiffs' action, sections 5--12--080(f) and 5--12--170, are penal because they specify either the amount of damages that can be awarded for violations or the formula by which the amount of damages is to be calculated.  Although damages under section 5--12--080(f) for commingling security deposits are based on the actual amount of the security deposit, the damages are not actual.  The tenant would not suffer actual damages if the commingled security deposit was not seized by the landlord's creditors, but the ordinance assesses a penalty for endangering security deposits in the amount of double the security deposit plus 5% interest.  We find that sections 5--12--080(f) and 5--12--170 of the ordinance are penal and hold that plaintiffs' action is one for a "penalty" within the meaning of section 13--202.  

The next issue is whether plaintiffs' lawsuit seeks a "statutory" penalty within the meaning of section 13--202.  Plaintiffs argue that section 13--202 is not applicable because it does not include actions for damages for penalties imposed by a municipal ordinance but only penalties imposed by a state 
statute.

The primary rule of statutory construction is to give effect to the true intent of the legislature, and an inquiry into legislative intent must begin with the language of the statute.  
Advincula v. United Blood Services
, 176 Ill. 2d 1, 16, 678 N.E.2d 1009 (1996).  Words used in a statutory provision must be given their plain and ordinary meaning.  
Advincula
, 176 Ill. 2d at 17.  Statutes of limitation must be construed in light of their objectives and must be liberally construed to fulfill the object for which they were enacted.  
Mathis v. Hejna
, 109 Ill. App. 2d 356, 360, 248 N.E.2d 767 (1969).  

Section 13--202 has been applied to an action under a statute that does not permit recovery for actual damages but specifies a formula by which damages are to be calculated.  See 
Sun Theatre Corp. v. RKO Radio Pictures
, 213 F.2d 284, 286-88 (7th Cir. 1954) (predecessor of section 13--202 applied to action under federal antitrust law that provided for treble damages).  Section 13--202 has been held not to apply to an action under a statute that permits actual damages and exemplary damages with a cap.  
Dawson v. W.&H. Voortman, Inc.
, 864 F. Supp. 77, 79 (N.D. Ill. 1994) (section 13--202 did not apply to Illinois Sales Representative Act (820 ILCS 120/0.01 (West 1994)), which did not impose an automatic figure for a statutory penalty).  In 
Dawson
, the statute providing for payment of commissions only directed the employer to pay commissions due in a timely manner; the plaintiff would still have to prove actual damages.

We note a California case that found that a rent-control ordinance that specified treble damages provided for a penalty within the meaning of a state one-year statute of limitations similarly covering actions upon "a statute for a penalty."  
Menefee v. Ostawari
, 228 Cal. App. 3d 239, 278 Cal. Rptr. 805 (1991); 
Cal. Civ. Proc. Code §340(1) (West 1982).  In 
Menefee
, plaintiff's complaint alleged wrongful termination of his month-to-month tenancy in violation of the San Francisco rent control ordinance.  Plaintiff 
argued that the ordinance's provision for treble damages was not punitive but had an objective to promote effective enforcement of the ordinance.  
Menefee
, 228 Cal. App. 3d at 244, 278 Cal. Rptr. at 808.  Under California law, claims based upon statutes that provide for mandatory recovery of damages additional to actual losses incurred are considered penal in nature and thus are governed by the one-year statute of limitations.  
Menefee
, 228 Cal. App. 3d at 243, 278 Cal. Rptr. at 807.  The court concluded that, regardless of the purpose of the provision for treble damages, the provision was a penalty and was governed by the one-year statute of limitations.  
Menefee
, 228 Cal. App. 3d at 245, 278 Cal. Rptr. at 808.  

 Defendant contends that the issue of section 13--202's applicability to actions brought pursuant to a municipal ordinance was determined by 
City of Chicago v. Enright
, 27 Ill. App. 559 (1st Dist. 1888).  In 
Enright
, defendants sold liquor without obtaining a license required by a Chicago ordinance, and the city brought suit to obtain a penalty for violating the ordinance.  Defendants argued that the applicable statute of limitations was the criminal code's statute of limitations for prosecutions under a penal statute, but the court held that the action was not a prosecution.  
Enright
, 
27 Ill. App. at 568.  

The 
Enright
 court stated that an action of debt for a penalty for the violation of a municipal ordinance was a civil action governed by "Sec. 14 of the general statute of limitations, which allows two years after the right accrues within which to bring the action."  
Enright
, 27 Ill. App. at 568.  The court did not provide a further citation to the statute of limitations, but the court must have been referring to section 14 of the revised statutes of 1885, which was the two-year statute of limitations in effect at the time for "[a]ctions for damages *** for a statutory penalty" (Ill. Rev. Stat. 1885, ch. 83, par. 14).  The quoted language is the same in the recodified section 13--202.

In contrast to 
Enright
, the Third District Appellate Court case of 
City of Peoria v. Toft
, 215 Ill. App. 3d 440, 443-44, 574 N.E.2d 1334 (1991), determined that a fine for violation of a municipal parking ordinance was not a statutory penalty under section 13--202.  The court distinguished an "ordinance" from a "statute" on the basis that an ordinance is a local rule enacted by a unit of government pursuant to authority delegated by the state while a statute "bears the imprimatur of the State legislature."  
Toft
, 215 Ill. App. 3d at 443.  The court held that the phrase "statutory penalty" in section 13--202 did not evince an intent to encompass fines or other penalties exacted for violations of local laws.  
Peoria
, 215 Ill. App. 3d at 444.  The court did not address 
Enright
.

We reject the reasoning of 
Toft
 because an ordinance is a legislative act and is the equivalent of a municipal statute.   
Halford v. Topeka
, 234 Kan. 934, 939, 677 P.2d 975, 980 (1984), citing the definition of "ordinance" in Black's Law Dictionary 989 (5th ed. 1979); see also 
American Country Insurance Co. v. Wilcoxon
, 127 Ill. 2d 230, 243, 537 N.E.2d 284 (1989) (the court referred to an ordinance as a "municipal statute").  In addition, 
Toft
 is contrary to 
Enright
's holding 
that actions for penalties for the violation of an ordinance are covered by the statute of limitations for statutory penalties.  We hold that section 13--202 applies to plaintiffs' action under the ordinance because "statutory" is broad enough to cover municipal ordinances.  

The accrual of a cause of action occurs when facts exist that authorize the bringing of the action.  
Goodman v. Harbor Market, Ltd.
, 278 Ill. App. 3d 684, 689, n.2, 693 N.E.2d 13 (1995).  Plaintiffs' cause of action for commingling the security deposit accrued when the security deposit was deposited in December 1991.  Plaintiffs' cause of action for failing to attach a summary of the ordinance accrued when the lease was offered to plaintiffs, which would have been December 1991.  The plaintiffs filed their complaint in 1994.  Therefore, plaintiffs' complaint was untimely filed more than two years from the dates that the causes of action accrued.  The trial court erred in not dismissing the action as being barred by section 13--202 when it ruled that the five-year statute of limitations applied.

Plaintiffs argue in the alternative that the two-year limitations period should have been tolled until the unspecified time that they discovered their causes of action.  See 
Knox College v. Celotex Corp.
, 88 Ill. 2d 407, 414, 430 N.E.2d 976 (1981) (under the discovery rule applying to the statute of limitations, the starting of the period of limitations is postponed until the injured party knows or should have known of his injury).  However, the plaintiffs did not plead in their complaint that they did not discover their causes of action until after the termination of their lease.  It is incumbent upon a plaintiff seeking to take advantage of the discovery rule to plead in the complaint that the cause of action remained undiscovered.  
Waterford Condominium Ass'n v. Dunbar Corp.
, 104 Ill. App. 3d 371, 376, 432 N.E.2d 1005 (1982).  Because the failure to discover the ordinance violation was not pled, the discovery rule is not applicable in this case.  

Also, because of strict application of penalties for violations of municipal ordinances, perhaps the discovery rule is not applicable in these types of ordinances.  However, we do not make a ruling on this point.  

We do not need to decide whether the discovery rule applies to this cause of action for another reason.  We find that we are unable on this record to determine when the statute of limitations would be tolled because there was no evidence at trial of when plaintiffs discovered their causes of action.  

Plaintiffs also argue in the alternative that the 10-year statute of limitations for "actions on *** written leases" applies.  735 ILCS 5/13--206 (West 1996).  We reject this argument because plaintiffs' action is not based on the lease but is based on an ordinance.  

We do not need to reach the remaining issues raised in the appeal and the cross-appeal.

The judgment of the trial court is reversed.

Reversed. 

McNAMARA and SOUTH, JJ., concur.