SECOND DIVISION

December 2, 2003

 No. 1-02-3606

IVAN M. STERNIC, 

Plaintiff-Appellant,

v.

HUNTER PROPERTIES, INC., and 

RANDALL PAVLOCK,

Defendants-Appellees.

)

)

)

)

)

)

)

)

)

)

Appeal from

the Circuit Court

of Cook County

No. 02 M 1142657

Honorable

John G. Laurie,

Judge Presiding.

JUSTICE CAHILL delivered the opinion of the court:

Plaintiff Ivan M. Sternic appeals from the dismissal of his complaint seeking damages under the Chicago Residential Landlord and Tenant Ordinance (Ordinance) (Chicago Municipal Code §5-12-010 
et seq.
 (amended November 6, 1991)) for retaliatory conduct by his former landlords, defendants Hunter Properties, Inc., and Randall Pavlock.  The trial court found that plaintiff's complaint, alleging violations of an ordinance with a statutory penalty, was barred because it was not filed within the two-year statute of limitations in section 13-202 of the Code of Civil Procedure (Code) (735 ILCS 5/13-202 (West 2000)).  We reverse.

Plaintiff and his wife resided in an apartment complex at 4128 North Kedvale Avenue in Chicago from 1989 to 2000.  In August 1997, defendants assumed control and management of the complex.  Plaintiff notified defendants of defects in the apartment, including "profuse" leaks. The defects were not repaired fully until September 1999, despite plaintiff's repeated requests.  In February 2000, Pavlock notified plaintiff that his lease would not be renewed after its expiration on April 30, 2000.  Plaintiff moved out of the apartment in March 2000.  

On July 17, 2002, plaintiff filed a two-count complaint, alleging that defendants violated the Ordinance by: (1) retaliating against plaintiff for requesting repairs by not renewing his lease; and (2) charging full rent for plaintiff's apartment despite its diminished market value while it was in disrepair.  Chicago Municipal Code §§5-12-150, 5-12-110(e) (amended November 6, 1991).  Defendants filed a motion to dismiss the action as barred under the two-year statute of limitation in section 13-202 of the Code.  735 ILCS 5/13-202 (West 2000).  The trial court agreed, concluding that the Ordinance violations alleged by plaintiff were statutory penalties and, as such, subject to the two-year limit in section 13-202.  735 ILCS 5/13-202 (West 2000).  Plaintiff appeals. 

We review 
de novo
 the construction and legal effect of the Ordinance.  
Lawrence v. Regent Realty Group, Inc.
, 197 Ill. 2d 1, 9, 754 N.E.2d 334 (2001).  Section 5-12-150 of the Ordinance entitles a tenant to "recover an amount equal to and not more than two months' rent or twice the damages sustained by him, whichever is greater, and reasonable attorneys' fees" when a landlord engages in retaliatory conduct.  Chicago Municipal Code §5-12-150 (amended November 6, 1991).  Section 5-12-110(e) entitles a tenant to recover damages if a landlord is in "material noncompliance" with section 5-12-070 (landlords must make necessary repairs promptly).  Chicago Municipal Code §§5-12-110(e), 5-12-070 (amended November 6, 1991).  Section 13-202 of the Code provides that actions for damages for a statutory penalty must be commenced within two years after the cause of action accrued.  735 ILCS 5/13-202 (West 2000).  We note that although this case involves an ordinance rather than a statute, the term "statutory" is interpreted broadly and applies to municipal ordinances.  
Namur v. Habitat Co.
, 294 Ill. App. 3d 1007, 1013, 691 N.E.2d 782 (1998).

On appeal, plaintiff argues that section 13-202 of the Code does not apply where, as here, a plaintiff is entitled to recover "under a statute that permits actual damages and exemplary damages with a cap."  
Namur
, 294 Ill. App. 3d at 1012.  Defendants argue that plaintiff's late-filed action was barred by section 13-202 because section 5-12-150 of the Ordinance states a statutory penalty imposing automatic and predetermined liability as described in 
Namur
, 294 Ill. App. 3d at 1010-11, citing 
McDonald's Corp. v. Levine
, 108 Ill. App. 3d 732, 738, 439 N.E.2d 475 (1982).

"The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature" and inquiries into legislative intent must begin with the language of the statute.  
Midstate Siding & Window Co. v. Rogers
, 204 Ill. 2d 314, 320, 789 N.E.2d 1248 (2003).  The words in a statute must be given their "plain and ordinary meaning."  
Midstate Siding
, 204 Ill. 2d at 320.  "A statute is a statutory penalty if it imposes 
automatic
 liability for a violation of its terms and the 
amount
 of liability is predetermined by the act and imposed without actual damages suffered by the plaintiff.  ***  Under a penal statute, liability is not contingent but imposed automatically when a violation of the statute is established."  (Emphasis added.)  
McDonald's
, 108 Ill. App. 3d at 738.  

The Ordinance has been found to contain both statutory penalties and remedial provisions.  
Namur
, 294 Ill. App. 3d at 1011.  Provisions are penal when "they specify either the amount of damages that can be awarded for violations or the formula by which the amount of damages is to be calculated."  
Namur
, 294 Ill. App. 3d at 1011.  Provisions are remedial when they permit the recovery of actual damages.  
Namur
, 294 Ill. App. 3d at 1011.  As noted, section 13-202 does not apply where a plaintiff may recover "actual damages and exemplary damages with a cap."  
Namur
, 294 Ill. App. 3d at 1012.

Section 13-202 does not apply here because the damages provided in sections 5-12-150 and 5-12-110(e) of the Ordinance are contingent on actual damages.  Plaintiff's overpayments of rent for a defective apartment and his expenses in finding and moving to another apartment against his wishes are actual damages.  While section 5-12-150 authorizes exemplary damages, the amount is capped at the greater of two months' rent or twice the plaintiff's actual damages.  This is the exact provision found to be excepted from the section 13-202 time limits in 
Namur
, 294 Ill. App. 3d at 1012.  Sections 5-12-110(e) and 5-12-150 are not "statutory penalties" because they do not specify an amount to be awarded for violations or a formula for calculating an award without regard to the actual damages suffered by the plaintiff.  See 
Namur
, 294 Ill. App. 3d at 1011.  Even the two-months' rent liability stated in section 5-12-150 is related to the actual damages because it can be imposed only if it is greater than twice the actual damages.  Chicago Municipal Code §5-12-150 (amended November 6, 1991).  

The applicable statute of limitation in this case is five years under section 13-205 of the Code.  Actions "to recover the possession of personal property or damages for the detention or conversion thereof, and all civil actions not otherwise provided for, shall be commenced within [five] years next after the cause of action accrued."  735 ILCS 5/13-205 (West 2000).

We conclude that sections 5-12-110(e) and 5-12-150 of the Ordinance are not statutory penalties, section 13-202 of the Code does not control and plaintiff's complaint is not barred.  We reverse and remand for further proceedings.

Reversed and remanded.

WOLFSON, P.J., and BURKE, J., concur.